By the Court:

Monell, J.
When this ease was up on the appeal from the order overruling the demurrer to the complaint, this court held (36 How. Pr. R., 532) that words spoken or written in a judicial proceeding by any person haring an interest therein were absolutely privileged, and no action would lie therefor, however false, defamatory, or malicious they might be, provided the matter was material to the inquiry before the court, and that the onus was upon the person speaking or writing the defamatory words to show their materiality to the controversy ; and the only question then before the court was whether such materiality appeared upon the complaint, there being no other paper before the court, and the court held that the facts stated in the complaint did not show that the defamatory matter was pertinent and material upon the proceeding pending in the bankruptcy court.
On this trial the defendants gave in evidence such of the proceedings in the bankruptcy court as were necessary to show the materiality, as it was claimed, of the matter complained of, and we think they show clearly that the specifications were material, and therefore privileged. They were used in opposing the bankrupt’s discharge, and were certainly material under the section *594 of the bankrupt act which makes “ any fraud whatever contrary to the true intent of the act ” a ground for refusing a discharge.
We think the defense was complete, and there was no question for the jury.
¡Neither was the good or bad faith with which the defamatory words were written at all in issue. They being absolutely privileged, it was immaterial with what motive they were written. The testimony, therefore, which was objected to, was of no consequence, and did not prejudice the plaintiff.
The exceptions should be overruled, and judgment ordered for the defendants upon the verdict.