Freedman, J.
This action was instituted, and attempted to be tried, as an action for a malicious prosecution, but was finally submitted to the jury as an action for libel. After a careful re-examination of the evidence, and of the rulings made in the course of the trial, I still adhere to the view then expressed—that the action cannot be maintained as one of malicious prosecution. In an action of malicious prosecution, the gravamen of the charge is that the plaintiff has improperly been made the subject of legal process to his damage. The form of the prosecution is immaterial; nor is it material that the plaintiff was prosecuted by an insufficient process, or before a court not having jurisdiction of the matter.; for a bad indictment may serve all the purposes of malice as well as a good one (2 Greenl. on Ev., § 449). But there must be a legal process of some kind, to which the plaintiff was subjected, and forced to submit. This element is entirely missing in the present case. A mere note or letter of a magistrate or officer, requesting a person to call, is not a prosecution.
The next question, therefore, is whether the action was properly turned into one for libel. Under the view which was then taken of the law applicable to this case, no opportunity being had to make a critical examination, and- the counsel for the respective parties citing no authorities, the complaint seemed to contain sufficient averments for that purpose, and the state of the proof seemed to call for the change ; and, if such view was correct, defendant had no business to be surprised by the ruling which permitted the change.
*362 After full consideration of the authorities submitted by the defendant on this motion, however, I have become satisfied that such view was not strictly correct. The true doctrine is that words spoken or written in a judicial proceeding by any person having an interest therein, or a duty to perform therein as witness or counsel, are not only conditionally, but absolutely privileged, and no action will lie therefor, however false, defamatory or malicious they may be, provided they were pertinent and material to the inquiry before the court or officer (Perkins v. Mitchell, 31 Barb., 461; Marsh v. Ellsworth, 2 Sweeny, 589 ; S. C., 1 Id., 52 ; Suydam v. Moffat, 1 Sandf., 459; Warner v. Paine, 2 Id., 195; Gilbert v. The People, 1 Denio, 43 ; Garr v. Selden, 4 N. Y., 91).
And the term “ judicial proceeding” is not to be restricted to trials, of civil actions or indictments, but includes every proceeding before a competent court or magistrate in the due course of law, or the administration of justice, which is to result in any determination or action of such court or officer (Perkins v. Mitchell, supra).
That the statements contained in the affidavit sworn to by the defendant, before the fire marshal of Brooklyn, were pertinent and material to the inquiry instituted by said officer, as to the origin of the fire, which had destroyed plaintiff’s factory, cannot be denied. Aside, therefore, from the question as to the sufficiency of the allegations of the complaint, as a complaint for libel, it was not enough to instruct the jury that upon proof to their satisfaction of defendant’s malice, and of the intentional falsity of his sworn statement, they were at liberty to render a verdict for the plaintiff. If, for the contents of that statement, plaintiff can maintain an action of libel at all, which under the decisions above referred to may perhaps be considered to be still an open question, it is clear that he can only do so upon *363 proof which takes his case out of the operation of the general doctrine above alluded to. Proof that the defendant maliciously contrived to induce the fire marshal to institute the inquiry, and to subpoena him, the defendant, and that the defendant thus expressly manufactured the occasion on which he bore false witness against the plaintiff, may perhaps have that effect. But without expressly deciding the point, it is sufficient for the purposes of this motion to say, that the case was not submitted to the jury upon this theory, but upon another and insufficient theory.
The motion , for a new trial must be granted, with costs to defendant to abide the event, and plaintiff may have leave to amend his complaint, if he should be so advised. Order to be settled upon a notice of at least two days.