## Garr *vs.* Selden.

Words spoken or written in a legal proceeding pertinent and material to the controversy, are privileged, and the truth of the statement can not be drawn in question, in an action for slander or libel.

And where the statement is privileged within this rule, it is unnecessary in the action of libel, for the defendant to deny the allegation of malice.

An attorney sued his client for professional services. The client pleaded the general issue, and gave notice that he would prove on the trial that the attorney conducted the suits, and attended to the other business, on account of which compensation was claimed in " so careless, unskilful, undue and improper manner," as to render the services of no value. The attorney moved the court to strike out the notice as false, and the client in resisting the motion, read and placed upon the files of the court an affidavit stating that the plaintiff had revealed confidential communications made to him in his professional capacity by the defendant, and relating to some portion of the business in question, for the purpose of assisting another person who had an interest adverse to the defendant, and that the plaintiff combined and colluded with that person to injure the defendant. The attorney sued his client for libel. *reciting these facts in his declaration, and charging the libel to be malicious and impertinent.* Held on demurrer to the declaration, that the matter stated in the affidavit was pertinent to the motion, and therefore privileged, so that the action of libel would not lie.

Garr brought an action for libel against Selden, in the supreme court. On demurrer to the declaration, the court gave judgment in the plaintiff's favor, and the damages were assessed on writ of inquiry at $5000. The defendant ap- [92] pealed to this court. The case is sufficiently stated in the opinion of Hurlbut, J.

*P. Y. Cutler,* for appellant. I. The writing complained of as libellous is plainly a privileged communication. It was an affidavit used upon a motion, in the regular course of a judicial proceeding. The questions of negligence, *impropriety and general unfitness and lack of duty* were in issue on that motion. Is not revealing confidential communications *improper?* If so, then the facts stated in the affidavit were all pertinent to the issue on that motion; (*Hoar* v. *Wood,* 3 *Metc.* 197; *Hastings* v. *Lusk,* 22 *Wend.* 410;) and the question whether pertinent or not, is a question of law for the court. (*Suydam* v. *Maffit,* 1 *Sand. S. C. Rep.* 489; *Torry* v. *Field,* 10 *Verm. Rep.* 413, 414; *see also* 353; *Tyler* v. *Tillotson,* 2 *Hill,* 507, *and cases cited; Cooper* v. *Stone,* 2 *Denio,* 293.) All this appears from the declaration itself. It therefore furnishes an absolute exemption from liability in an action of libel. (22 *Wend.* 410; *Astley* v. *Youngs,* 2 *Burr.* 807.) "No action lies for any allegation, pleading or other matter, published in the usual course of a civil or criminal proceeding in a court of justice," (23 *Wend.* 29, 30; 1 *Starkie on Slander, ch.* 10;) "of publications made in the course of parliamentary or judicial proceedings," (*p.* 212 *at top,* 239 *in margin; see pp.* 221, 226, 228, 245; *Howard* v. *Thompson,* 21 *Wend.* 319; *Cutler* v. *Dixon,* 4 *Coke,* 14 *b, and the notes to Thomas & Frazer's ed.; Astley* v. *Youngs,* 2 *Burr.* 807; *Doyle* v. *O'Doherty,* 1 *Carr. & Marsh,* 418. 41 *E. Com. Law,* 230; *Gilbert* v. *The People,* 1 *Denio,* 41; 1 *Saund. Rep.* 131, *in notes; Stark. on Sland. by Wend.* 219; *see also preliminary discourse, pp.* 136, 137.)

II. The plaintiff should have brought a special action on the case, in the nature of an action for malicious prosecution, averring that the matter alledged to be false and malicious was stated *without reasonable or probable cause.* The *absence of probable cause must,* in such case, *be distinctly averred.* (2 *Phil. Ev. ed.* [93] *of* 1839, *with notes, pp.* 255, 256; *O'Donehue* v. *McGovern,* 23 *Wend.* 30; 1 *Stark on Sland. by Wend.* 245 *to* 258; *Hodgson* v *Scarlett,* 1 *Barn. & Ald.* 232, *and see note* 245; *Johnstone* v. *Sutton,* 1 *T. R.* 493; *Flint* v. *Pike,* 4 *Barn. & Cress.* 473; *Hastings* v. *Lusk,* 22 *Wend.* 410, *opinion of chancellor; Howard* v. *Thompson,*

21 *id.* 325; *Rex* v. *Baillie,* 2 *Esp. Dig.* 506, 2d ed. *by Gould, Banks & Co.* 1811; *Holt on Libels, Am. ed. of* 1818, *p.* 184; *Starkie on Slander,* 182 *to* 194, *Am. ed. of* 1826, *and the cases there cited; Bac. Abr. Slander E.; 4 Serg. & Rawle,* 426; 2 *Willes,* 30; *Remmington* v. *Congdon,* 2 *Pick.* 313, 314.)

*A. S. Garr,* in person.

HURLBUT, J. The declaration shows that the plaintiff, exercising the profession of an attorney, counsellor and solicitor, had transacted a considerable business for the defendant and another, and not receiving satisfaction had instituted a suit in the supreme court against them, to recover compensation for such services; in which suit the defendants had pleaded the general issue and given notice that they would prove on the trial " that the plaintiff conducted the prosecution and defence of the several suits, and attended to the other professional business of attorney, &c. in the declaration mentioned, in so careless, negligent, unskilful, undue and improper mode and manner, as to render such professional services and every part thereof, wholly abortive, and of no value to the defendants." The plaintiff moved the court at special term to strike out this part of the notice as false and scandalous; and the defendant in resisting the motion read in open court and placed on its files an affidavit made by him in the action, containing the libellous matter complained of, and which the plaintiff charges is false and malicious.

This affidavit stated that the plaintiff had revealed confidential communications made to him in his professional capacity by the defendant, in respect to a portion of the business intrusted to the former, to recover compensation for services in which the action in the supreme court was brought; and that the plaintiff thus betrayed the defendant's confidence [94] for the purpose of assisting another person who had an interest adverse to the defendant; and that the plaintiff combined and colluded with that person to devise plans to injure the defendant, and prejudice his pecuniary interests in the business before

named; and that the plaintiff thus grossly violated his duty in conducting the litigation and business committed to his care.

These are the material facts in the case as recited in the declaration, to which the defendant demurred; and the question thus presented is whether the declaration contains a cause of action? The defendant insists that on the plaintiff's own showing, it appears that he was privileged as a party to a suit to make, read and place on the files of the court the affidavit referred to, which contained matter relevant and material to the motion which it was used to resist. The supreme court decided against him, on the ground that the declaration charged the libel to be malicious and impertinent, without determining as matter of law, whether or not the substance of the affidavit was pertinent to the motion in opposition to which it was read and filed. Upon this question the decision of this case must rest; for if the matter of the affidavit were pertinent or material to the motion, the law will not allow its truth or innocency to be drawn in question in an action for libel. It would not in that case be necessary to deny malice, as the law does not permit a party to alledge, in this form of action, that the publication was false or malicious. This appears to be sound in principle, and to be supported by authority. (2 *Saund. Pl. & Ev.* 801–2; *Starkie on Slander, ch.* 10; *Gilbert* v. *The People,* 1 *Denio,* 41.)

Looking then to the issue which was presented by the motion to strike out a part of the defendant's notice, we find that he had alledged that the plaintiff's services were of no value by reason of their having been rendered in a careless, negligent, unskilful, undue and improper manner. The plaintiff moved against this allegation as false, and the defendant endeavored to verify it. The notice may have been insufficient as a pleading, being quite vague and general in its statement of the [95] fence; but it nevertheless alledged that which, if made out by evidence of particular facts, would have constituted a good defence against the whole or a part of the defendant's claim. The plaintiff raised no question as to its sufficiency, but objected against it as false, and by his motion invited the defendant to

verify it if he could. I do not doubt that if the defendant had affirmed its truth by an affidavit in terms as general as those employed in the notice, that such an affidavit must have been regarded as relevant and material to the motion. Instead, however, of such a general affirmation of the truth of the notice, the defendant swore to a particular fact, to wit: that the plaintiff had improperly disclosed the confidential communications referred to; that he had thus violated professional duty and confidence, and worked a pecuniary injury to the defendant while conducting his business. This may not have tended to establish the truth of the entire notice, but it went to verify that part of it which alledged improper and injurious professional conduct on the part of the plaintiff, and hence was pertinent to the matter before the court. The publication must therefore be regarded as privileged upon the facts set forth in the declaration, and the judgment of the supreme court must be reversed.

Judgment reversed.