(139 App. Div. 517.)

ROSENBERG v. DWORETSKY et al.

(Supreme Court, Appellate Division, First Department.  July 7, 1910.)

LIBEL AND SLANDER (§ 51*)—PRIVILEGED PUBLICATION.

In a petition in bankruptcy proceedings, the question involved in the petition being whether the bankrupt, M., had made a fraudulent general assignment and removed and concealed property with intent to defraud his creditors, the petitioners after alleging that the property so removed and concealed included property recently purchased from them, as bear-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing on that allegation, alleged that a large quantity of it was in the possession of R., and was being offered for sale by him at a price much less than its value. *Held* that, even if the statement referring to R. was libelous, it being in a pleading filed in court in a pending judicial proceeding, and pertinent and relevant to the issue there presented, it was wholly privileged, irrespective of malice.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 149, 150; Dec. Dig. § 51.*]

Appeal from Special Term, New York County.

Action for libel by Henry Rosenberg against Morris Dworetsky and others. From a judgment overruling a demurrer to the complaint, defendant Isaac C. Lowenthal appeals. Reversed, and demurrer sustained, with leave to amend complaint.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and MILLER, JJ.

Mackenzie & Burr (Almuth C. Vandiver, of counsel), for appellant. John Manheimer, for respondent.

CLARKE, J. The complaint alleges that the defendants maliciously and wrongfully composed and caused to be published of and concerning the plaintiff a statement in a petition in a proceeding pending in the United States District Court for the Southern District of New York, entitled "In the Matter of Guiseppe Mangiafriddo, alleged bankrupt" containing the following words:

"Third. Your petitioners further show, as they are informed and verily believe, that the said alleged bankrupt has been for some time past engaged in carrying on a business for the sale of leather findings at 160 West 100th street, in the borough of Manhattan, city, county, state, and Southern district of New York, and heretofore and on or about the 15th day of November, 1909, the said Guiseppe Mangiafriddo, the alleged bankrupt herein, did make and execute a general assignment of all of his assets for the benefit of his creditors to one Peter Mangiafriddo and delivered said assignment to the said assignee therein named and turned over all of his said property remaining in his said place of business to the said Peter Mangiafriddo, his said assignee, and that immediately preceding the making of such assignment he removed from his place of business, 160 West 100th street, property and goods of value, and concealed the same with the intent to defraud your petitioners, and that the property so removed and concealed includes goods recently purchased from your petitioners. And your petitioners further represent on information and belief that a large quantity of said goods is now in the possession of one Henry Rosenberg at 79 Mott street, borough of Manhattan, in the city, county, state, and Southern district of New York, and that the said goods are being offered for sale by the said Rosenberg at a price much less than the present market value, and that the said goods have been identified by your petitioner, Isaac C. Lowenthal, as the same kind of goods that he sold to the alleged bankrupt, and that the said goods have been plainly stamped thereon a private mark by means of which they are readily identified, and your petitioner, the said Isaac C. Lowenthal, is the sole and exclusive agent in New York City of 'Capon Oak Leather' manufactured and tanned by Thomas Cover & Sons, the particular kind of goods your petitioner the said Lowenthal had recently sold to the alleged bankrupt, Mangiafriddo, and now in the possession of the said Rosenberg at 79 Mott street, in the borough of Manhattan, city, county, state and Southern district of New York, and that in the ordinary course of business the said Rosenberg or any other person would be obliged to make all purchases of 'Capon Oak Leather' from your petitioner the

said Isaac C. Lowenthal, and that the said Rosenberg has not at any time made any such purchase of said 'Capon Oak Leather' from your petitioner, the said Isaac C. Lowenthal. That thereby defendant meant and intended to mean that the plaintiff is dishonest in his dealings, and that he was in collusion with the said Guiseppe Mangiafriddo to defraud said Mangiafriddo's creditors and also assist him in concealing his assets."

To this complaint the defendant Lowenthal demurred on the ground that it did not state a sufficient cause of action, and, the demurrer having been overruled, appeals.

It does not appear to me that the words complained of, referring to the plaintiff, are libelous and susceptible of the meaning sought to be attributed to them by the complaint. Irrespective of that consideration, it appears upon the face of the complaint that they were contained in a petition in a pending judicial proceeding in· the United States District Court. It is apparent that the question involved was whether the alleged bankrupt, Mangiafriddo, had made a fraudulent general assignment, and had removed and concealed property with the intent to defraud his creditors. The petitioners alleged that the property so removed and concealed included goods recently purchased from them, and, as bearing upon that allegation, they alleged that a large quantity of said goods were in the possession of the plaintiff, and being offered for sale by the plaintiff at a price much less than the present market value. This allegation was certainly pertinent and material to the claim that the bankrupt had removed and concealed the goods. The alleged libel complained of, therefore, is a statement in a pleading or petition filed in a court in pending judicial proceedings, pertinent and relevant to the issue there presented. As such it was absolutely privileged, and all this appearing upon the face of the complaint, said complaint was open to attack by demurrer.

In Garr v. Selden, 4 N. Y. 91, the court reversed a judgment in an action for libel where on demurrer to the declaration the court below had given judgment in the plaintiff's favor. The court said:

"The defendant insists that on the plaintiff's own showing, it appears that he was privileged as a party to a suit to make, read, and place on the files of the court the affidavit referred to, which contained matter relevant and material to the motion which it was used to resist. The Supreme Court decided against him, on the ground that the declaration charged the libel to be malicious and impertinent, without determining as matter of law, whether or not the substance of the affidavit was pertinent to the motion in opposition to which it was read and filed. Upon this question the decision of this case must rest; for, if the matter of the affidavit were pertinent or material to the motion, the law will not allow its truth or innocence to be drawn in question in an action for libel. It would not in that case be necessary to deny malice, as the law does not permit a party to allege, in this form of. action, that the publication was false or malicious. This appears to be sound in principle, and to be supported by authority. 2 Saund. Pl. & Ev. 801, 802; Starkie on Slander, ch. 10; Gilbert v. People, 1 Denio, 41 [43 Am. Dec. 646]. * * * The publication must therefore be regarded as privileged upon the facts set forth in the declaration, and the judgment of the Supreme Court must be reversed."

In Marsh v. Ellsworth, 50 N. Y. 309, the court below, upon the trial, directed a verdict for defendants. Grover, J., said:

"The alleged libel was matter included in the objections filed by the defendant, Coursen, as counsel for the defendant Ellsworth, to the discharge

from his debts of George Caldwell with the register in bankruptcy, to whom the matter had been referred by the court upon the petition of Caldwell for his discharge. * *˙ * The question is whether this publication was privileged. The law is well settled that a counsel or party conducting judicial proceedings is privileged in respect to words or writings used in the course of such proceedings reflecting injuriously upon others, when such words and writings are material and pertinent to the questions involved; and that, within such limit, the protection is complete, irrespective of the motive with which they are used; but that such privilege does not extend to matter having no materiality or pertinency to such questions. Gilbert v. People, 1 Denio, 41 [43 Am. Dec. 646]; Hastings v. Lusk, 22 Wend. 410 [34 Am. Dec. 330]; Ring v. Wheeler, 7 Cow. 725"—

and the judgment below was affirmed.

In Moore v. Manufacturers' National Bank of Troy, 123 N. Y. 420, 25 N. E. 1048, 11 L. R. A. 753, the court used this language:

"There is another class of privileged communications where the privilege is absolute. They are defined in Hastings v. Lusk, 22 Wend. 410 [34 Am. Dec. 330]. In this class are included slanderous statements made by parties, counsel or witnesses in the course of judicial proceedings, and also libelous charges in pleadings, affidavits or other papers used in the course of the prosecution or defense of an action. In questions falling within the absolute privilege the question of malice has no place. However malicious the intent, or however false the charge may have been, the law, from considerations of public policy and to secure the unembarrassed and efficient administration of justice denies to the defamed party any remedy through an action for libel or slander. This privilege, however, is not a license which protects every slanderous publication or statement made in the course of judicial proceedings. It extends only to such matters as are relevant or material to the litigation, or at least it does not protect slanderous publications plainly irrelevant and impertinent, voluntarily made, and which the party making them could not reasonably have supposed to be relevant;" citing cases.

Within the rule as laid down by the foregoing cases, it follows that the judgment appealed from should be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to serve an amended complaint upon payment of said costs. All concur.