is working against the interests of the community that employs him; that the progress of the community in business or population is handicapped by unscrupulous men (of whom plaintiff is one) who have controlled politics for the past forty years; and that the government of the municipality is for a ring (of whom plaintiff is one) who care nothing for the interests of the tax-payers. The general allegation in the complaint that these words were spoken of and concerning the plaintiff is sufficient under section 535, Code Civil Procedure, to enable him to establish facts which would show that the published words indicated to the popular mind that he was a member of the alleged ring, that he was one of the alleged unscrupulous men, and that he was one of those who were working against the best interests of the munici-pality. We do not think that the allegation that the trial was conducted as a joke, without an allegation of other facts showing upon which side plaintiff was employed or what the nature of the charge was, is libelous *per se;* nor were there other facts stated by way of colloquium which might make the allegation of the receipt of $15 a week for clerk hire, with $1,800 extra com-pensation in the guise of expenses in certiorari proceedings, libelous. We do not think that the wording of the alleged libelous publication, together with the fact that plaintiff was the corporation counsel of the city of New-burgh, sufficient to sustain the innuendo to its full extent. Nevertheless, as the publication is libelous *per se,* the complaint states a cause of action. (*Morrison* v. *Smith,* 177 N. Y. 366.) Present — Mills, Rich, Blackmar, Kelly and Jaycox, JJ.

JOHN B. CORWIN, Respondent, v. CHARLES T. McKENZIE, Appellant.— Order affirmed, with ten dollars costs and disbursements. It is competent for the jury to find as a fact that the words spoken imputed to the plaintiff, the corporation counsel of the city of Newburgh, a violation of his duty, which constituted a misdemeanor under Penal Law, section 1841. Mills, Rich, Blackmar, Kelly and Jaycox, JJ., concur.

THOMAS F. CREAN, Respondent, v. ROBERT A. POOLE and MEDITERRA-NEAN TRADING COMPANY, INC., Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Rich, Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

WILHELMINA H. CRUMP, Respondent, v. CHARLES W. BUCKHAM, Appel-lant, Impleaded with Another, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Mills, Rich, Putnam, Kelly and Jaycox, JJ.

WILHELMINA H. CRUMP, Respondent, v. CHARLES W. BUCKHAM, Appel-lant, Impleaded with Another, Defendant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Mills, Rich, Putnam, Kelly and Jaycox, JJ., concur.

DuPONT FABRIKOID COMPANY, Respondent, v. THE DIRECTOR GENERAL OF RAILROADS, Appellant. (Appeal No. 1.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ., concur.

DuPONT FABRIKOID COMPANY, Respondent, v. THE DIRECTOR GENERAL OF RAILROADS, Appellant. (Appeal No. 2.) — Order affirmed, with ten