ROBERT A. CHAPMAN, Appellant, *v.* WILLIAM K. DICK,
Respondent.

Second Department, May 13, 1921.

Libel — suit to compel specific performance of agreement to return
corporate stock — allegation in answer charging plaintiff with
conversion of funds of corporation and purchase of bonds there-
with is privileged — scope of rule relating to absolute privilege.

In a suit to compel specific performance of defendant's agreement to return
stock of a corporation held as security, in which the plaintiff alleges that
he is the president and treasurer and has the sole control and manage-
ment of the corporation, the future of which will be greatly jeopardized
if such management and control are interfered with, and also that he
is the owner of a large portion of the outstanding bonds and is liable as
an indorser on corporate notes, an allegation by the defendant that the
plaintiff has appropriated to his own use large sums of money of the cor-
poration and purchased bonds of the corporation therewith which he
now claims to own, a demurrer to which was sustained, charges the plaintiff
with the crime of grand larceny, but in view of the allegations of the
complaint is relevant and pertinent and, therefore, absolutely privileged and
does not render said defendant subject to an action by the plaintiff for libel.

The rule relating to absolute privilege is sufficiently broad to extend to
all matter otherwise libelous alleged or introduced in an action, which
although ineffectual as a defense may by any possibility under any
circumstances and at some stage of the proceeding be or become material
or pertinent.

APPEAL by the plaintiff, Robert A. Chapman, from an
order of the Supreme Court, made at the Westchester Special
Term and entered in the office of the clerk of the county of
Westchester on the 19th day of January, 1921, granting
defendant's motion for judgment on the pleadings.

*Jehial M. Roeder* [*Joseph Hirschman* and *Alfred Franken-
thaler* with him on the brief], for the appellant.

*Henry F. Cochrane,* for the respondent.

Order affirmed, with ten dollars costs and disbursements,
upon the opinion of Mr. Justice J. ADDISON YOUNG at Special
Term.

BLACKMAR, P. J., MILLS, PUTNAM, KELLY and JAYCOX, JJ.,
concur.

The following is the opinion of the court below:

YOUNG, J.:

This action is for libel and the defendant moves for judgment on the pleadings.

It appears from the complaint that prior to the commencement of this action the plaintiff instituted an action in this court against the defendant for the specific performance of an agreement under which the defendant held certain shares of capital stock of the Robert Chapman Company as security for a loan, which were to be returned to the plaintiff upon payment of the loan, and that plaintiff had tendered the balance due and demanded the return of the stock, which was refused, and that the defendant threatened to vote the stock at the annual meeting of the stockholders of the corporation and secure control of the election of directors and of the management of the corporation. The complaint in that action also alleged as follows: " That the said corporation was founded by the plaintiff; that the plaintiff is its president and treasurer; and that the plaintiff has had the sole control and management of the said corporation and is its active executive and managerial head and that the future of the said corporation will be greatly jeopardized if the management and control by the plaintiff is interfered with. That plaintiff organized and carried on said business. That the plaintiff is the owner of nearly one-third of the capital stock of the said corporation, that of the $76,000 bonds issued and outstanding, the plaintiff owns $50,000 and that of the remaining indebtedness of the said corporation aggregating $55,000 and represented by notes, the plaintiff is the endorser and liable for the payment of the same."

The complaint in said action also alleged that the acts and conduct of defendant threatened irreparable injury to plaintiff unless he were enjoined and that the plaintiff had no adequate remedy at law and prayed the specific performance of the agreement, the return of the stock to plaintiff upon payment of the indebtedness, an injunction restraining him from holding the stock and restraining the corporation from holding any meeting until the redelivery of the stock to the plaintiff.

The complaint in the case at bar alleges that in that action the defendant caused to be served an answer which contained

the defamatory matter complained of. The particular paragraph containing the alleged libel is as follows: " On information and belief, between the 30th day of June, 1915, and the 19th day of June, 1920, the plaintiff has appropriated to his own use large sums of money, the property of the Robert Chapman Company, the amount of which cannot be determined except by an accounting, and has used and appropriated the money of the said Robert Chapman Company to purchase bonds of the said Robert Chapman Company, which bonds so purchased with the money of the said Robert Chapman Company the plaintiff, contrary to his right and duty and in violation of the trust relation which he bears to the said company now claims and holds as his own property. The amount of the funds and money of the said Robert Chapman Company so used and appropriated by the plaintiff cannot be ascertained and determined except by an accounting."

The complaint also alleges that the libelous matter was intended to and did charge the plaintiff with the crime of grand larceny. The complaint further alleges that he caused a demurrer to be interposed to the defense and counterclaim containing the libel and that the demurrer was brought on for argument and was sustained, and that the libelous statements were wholly incompetent, irrelevant and immaterial by way of answer or defense or counterclaim in said action, and were not pertinent to the issues therein.

The pleadings in the former action are annexed to the complaint, as well as the demurrer and order sustaining it, and are made a part thereof. It is contended by defendant that the matter complained of as libelous was absolutely privileged and that it did not, as alleged by plaintiff, charge the crime of grand larceny. The latter contention is, in my opinion, clearly unsound and requires no further consideration. The matter complained of, in my opinion, clearly charges a crime, and unless privileged, is libelous.

The serious question involved is that of absolute privilege. Upon this motion, of course, the allegation of fact contained in the complaint must be taken as true, as though a demurrer had been interposed. This, however, does not include the allegation that the alleged defamatory matter was impertinent and not privileged, which is, of course, a mere conclusion of law.

Privilege is usually a matter of defense, but if the complaint shows an absolute privilege on its face, it is demurrable (*Corwin* v. *Berkwitz*, 190 App. Div. 952), and, therefore, susceptible to this motion for judgment.

Nor should the defendant be barred from asserting the defense of privilege because of the order sustaining the demurrer in the former action (*Dada* v. *Piper*, 41 Hun, 254); nor by its recital that the demurrer was confessed. Such confession adds no more to the effect of the order than if it were granted after strenuous opposition. Whether the demurrer was sustained because the alleged counterclaim did not state a cause of action, or that it was one which could not be interposed, or that the allegations were insufficient as a defense, does not appear. Assuming it was sustained upon all the grounds asserted by plaintiff, the order in no way determines that the alleged libelous matter was not and could not possibly be relevant or pertinent to the issues; notwithstanding such determination, they might still be pertinent. In other words, in my opinion, the question of absolute privilege of the matter complained of is not to be tested as a mere matter of pleading. If it could possibly be pertinent or material the privilege is absolute.

The rule as to absolute privilege is a broad and liberal one, designed for the protection of counsel, parties and witnesses in a judicial action or proceeding. The rule itself is well settled, but its application to particular facts alleged has led to much controversy and is often difficult.

One of the earliest cases, decided nearly a century ago, is *Ring* v. *Wheeler* (7 Cow. 725). In that case the alleged slander was uttered by the defendant in addressing referees in a former action in which plaintiff had been a witness and charging the plaintiff with perjury. The case came before the court upon a motion in arrest of judgment, and the court held that the words proved were actionable in themselves unless justified by the occasion and manner of speaking, but said that on the motion in arrest they could not look out of the record and were not in a position to determine whether the charge made by defendant was pertinent to the cause or not, because the defendant had omitted to put the facts constituting his defense upon the record. The court, therefore,

denied the motion, saying that they were not authorized to say what did not appear, that the words were not spoken maliciously, that they were pertinent to the issue, that there was color for making the imputation and that they were not spoken with the design to slander plaintiff.

In *Hasting* v. *Lusk* (22 Wend. 410) the alleged slander was for speaking words charging plaintiff with perjury while testifying before a magistrate on the return of a warrant issued against defendant. The court in that case laid down the rule as to absolute privilege as follows: " Upon a full consideration of all the authorities on the subject, I think that the privilege of counsel in advocating the causes of their clients, and of parties who are conducting their own causes, belongs to the same class where they have confined themselves to what was relevant and pertinent to the question before the court, and that the motives with which they have spoken what was relevant and pertinent to the cause they were advocating, cannot be questioned in an action of slander. Thus far, it appears to be necessary to extend the privilege for the protection of the rights of parties; as those rights might sometimes be jeopardized if counsel were restrained from commenting freely upon the character of witnesses, and the conduct of parties, when such comments were relevant, for fear of being harassed with slander suits, and attempts to prove they were actuated by malicious motives in the discharge of their duty." (P. 417.)

*Gilbert* v. *People* (1 Den. 41) was an action for criminal libel consisting of matter set forth in the declaration in a former action for trespass for entering plaintiff's close and taking and killing divers sheep, etc., which charged that the defendant was reported to be fond of sheep, bucks and ewes and of wool, mutton and lamb, and in the habit of biting sheep, and that if guilty he ought to be hanged or shot. The court laid down the rule that " if what is said or written is pertinent and material to the controversy, the protection to parties and those who represent them (for all stand on the same ground) is absolute and unqualified, and no one shall be permitted to allege that it was done with malice," but held that the libel for which the defendant was indicted was not relevant or pertinent.

In *Garr* v. *Selden* (4 N. Y. 91) it appeared that an attorney had sued his client for professional services and the client gave notice that he would prove on the trial that the attorney conducted suits and attended to business for which compensation was claimed in so careless, unskillful, undue and improper manner as to render the services of no value. The attorney moved to strike out the notice as false and the client in resisting the motion filed an affidavit stating that plaintiff had revealed confidential communications made to him in his professional capacity by the defendant and relating to some portion of the business in question for the purpose of assisting another person who had an interest adverse to the defendant, and that plaintiff combined and colluded with that person to injure the defendant. The matter contained in this affidavit was alleged to be libelous, but it was held on demurrer that it was pertinent to the motion and, therefore, privileged and that no action for libel would lie.

In *Marsh* v. *Ellsworth* (50 N. Y. 309) the alleged libel was contained in filed objections to the discharge of a bankrupt in which the defendant charged the bankrupt with procuring plaintiff to testify falsely as to who were partners in a firm and as to the connection of the bankrupt therewith, and it was held that the question as to whether the evidence of plaintiff was true or false was material and pertinent and, therefore, privileged.

In *Aylesworth* v. *St. John* (25 Hun, 156) the alleged libel consisted in the addition by a justice of the peace to an amended return to the County Court, which stated that the plaintiff had slipped a bogus answer among the justice's papers. The court said that the alleged libel was made in the course of a judicial proceeding and was, therefore, privileged, *first,* if it was pertinent and material, or *second,* if the defendant believed it to be pertinent and material, and whether he did so or not is a question of fact, and that as the testimony was not before the court, they could not say that the referee was not justified in holding that the defendant believed the alleged libel to have been pertinent and material. The case last cited does not seem to pass upon the question of absolute privilege of the alleged libel, but makes the privilege dependent upon a question of defendant's belief as to whether it was

pertinent or material. This seems to be contrary to the general doctrine that where the facts are undisputed the question as to whether they were pertinent or material was one of law for the court. It would seem, therefore, that the libel in the case was in effect held to be not pertinent or material and, therefore, to give only a qualified privilege dependent only upon the defendant's belief.

In *Moore* v. *M. N. Bank* (123 N. Y. 421) the alleged libelous matter was contained in a statement made to the sureties on the bond of a defaulting cashier and repeated in a bill of particulars in an action on the bond which purported to contain an account of cash items drawn from the bank *by collusion with the teller* without the knowledge or authority of the officers of the bank. The teller was the plaintiff in the libel action, and it was held in substance that the words complained of were not privileged because not relevant or pertinent to the issues in the action on the bond.

In *Link* v. *Moore* (84 Hun, 118; affd., 156 N. Y. 661) the alleged libel consisted of allegations in a complaint in an action brought by the defendant against his wife for a divorce, which alleged adulterous intercourse between her and the plaintiff, and it was held that as these allegations were pertinent and material they were absolutely privileged.

In *Youmans* v. *Smith* (153 N. Y. 214) the alleged libel was contained in certain proposed questions prepared and caused to be printed by an attorney for use in disbarment proceedings against the plaintiff. These questions related to plaintiff's general character in the community, his character for truth and veracity, for bearing false witness, for insulting, traducing and villifying people, etc. The court held that the matter complained of was absolutely privileged, and said (pp. 219, 220): "In applying this principle [of absolute privilege] the courts are liberal, even to the extent of declaring that where matter is put forth by counsel in the course of a judicial proceeding that may *possibly* be pertinent, they will not so regard it as to deprive its author of his privilege, because the due administration of justice requires that the rights of clients should not be imperiled by subjecting their legal advisers to the constant fear of suits for libel or slander."

The court further said (pp. 222, 223): " The questions might

Second Department, May, 1921.          [Vol. 197

have been prepared and printed for use in connection with a commission to examine absent witnesses, or to be used by counsel as a part of the trial brief. As they were not so manifestly immaterial that under no circumstances could they be asked upon the trial, we think that the drafting and the printing of the same was privileged and protected both the attorney and his employees against a prosecution for libel. Whatever he wrote, or they printed for him, that was material to the ordinary course of justice in the judicial proceeding pending at the time, was not actionable, because, upon grounds of public policy, the law made it privileged in order that counsel, having a duty to discharge, might write or ' speak with that free and open mind which the administration of justice demands.' "

In *Sickles* v. *Kling* (60 App. Div. 516) the alleged libel was contained in a brief prepared and presented by defendant on an appeal from an order appointing a receiver, in which it was stated concerning the plaintiff: " She became Allen's agent while they were related together in the city of New York, since which time she has formed a new relationship with one Sickles." The plaintiff claimed that these words charged her with being unchaste, but the court held that even if the words complained of must be taken in that sense, they were privileged, saying (pp. 520, 521): " Advocacy implies argument. So pertinence is made the test of this privilege, which is but the principle of free speech in the administration of justice. This test protects him attacked by the advocate, for it does not prevent redress of accusations made without the facts; it protects, too, the advocate, for it assures to him the play of his reason within the facts. The advocate does not speak mindful of another day when he will be called upon to justify his inferences as if they had been charged as facts or to vindicate his conclusions by the axioms of logic. His conclusion may be lame and impotent, his inferences far-fetched or feeble, but so long as they can be deemed to be possibly pertinent, so long are they protected."

In *Rosenberg* v. *Dworetsky* (139 App. Div. 517) the alleged libel was contained in a petition filed by the defendant in a bankruptcy proceeding wherein he stated that the alleged bankrupt immediately before making a general assignment

had removed certain goods from the store and concealed same with intent to defraud his creditors, and that a large part of these goods was in the possession of the plaintiff, naming him, and were being offered for sale by him at a price much less than the market value. The court held that the matter complained of was privileged and sustained a demurrer to the complaint.

In *Lesser* v. *International Trust Co.* (175 App. Div. 12) statements contained in a petition in bankruptcy setting out an alleged conspiracy between plaintiff and others to obtain moneys by false pretenses and frauds relating to the purchase of merchandise and by fraudulent bankruptcy proceedings were held to be privileged and could not be made the basis of an action for libel where the words were material and pertinent to the questions involved in the bankruptcy proceedings, and this irrespective of the motive with which they were used. In that case the alleged libelous matter had been stricken out of the petition by the district judge as " irrelevant, impertinent and scandalous," but the Appellate Division held that this fact did not deprive them of their privileges; that if they were pertinent the fact that they were insufficiently alleged made no difference. In that case it was also held that the further statement contained in the petition in bankruptcy that the plaintiff was a fugitive from justice was not pertinent in any way to the subject-matter and did not come within the privilege.

In *Gallagher* v. *Surpless* (163 N. Y. Supp. 551) it was held that objections to the account of an administratrix were not actionable, though they specified failure to account for the value of a pawn ticket delivered to plaintiff, who was entitled to no share in the estate, and charged the plaintiff was indebted to the estate of the deceased in the sum of $2,000 taken from the clothes of the deceased; that such statements were pertinent to the inquiry and absolutely privileged.

I think that under the above authorities the rule relating to absolute privilege is sufficiently broad to extend to all matter otherwise libelous alleged or introduced in an action which, although ineffectual as a defense, may by any possibility, under any circumstances, and at some stage of the proceeding be or become material or pertinent.

Tested in this way, could the matter complained of in the case at bar by any possibility be relevant under any circumstances at some stage of the proceedings in the action?

Defendant urges that the alleged libel was pertinent and material in answer to the allegations contained in the 8th paragraph of the complaint, quoted above, in which plaintiff alleged ownership of the bonds. Ordinarily, it would hardly seem that in an action seeking the recovery of certain shares of stock the ownership of bonds not the subject of the action, were relevant or pertinent, nor that plaintiff's allegations in the complaint of such ownership would make it pertinent or material. But a close analysis of the complaint shows that there was something more involved in the former action than the mere ownership of the stock; something more than the plaintiff's right to its recovery as property of value. If that were all, probably plaintiff's remedy at law for damages would have been adequate. The ownership of the stock, however, was a mere incident to a far greater right which plaintiff was seeking to attain; that is, the control and management of the corporation. The suit was, therefore, brought in equity to compel specific performance of defendant's agreement to return the stock upon the payment of the indebtedness, and in such an action it was essential that plaintiff show that he would suffer irreparable damage unless this relief were afforded him and that an action at law for the value of the stock as damages would be utterly inadequate, because he would lose the control and management of the corporation, a right so valuable that in comparison the value of the stock became insignificant. Seeking such relief in equity every fact which could possibly be alleged in his complaint, showing the necessity and value to him of this right of control, was of importance to establish that the right was a valuable one not to be measured by the mere value of the stock as damages, and that unless return of the stock were compelled in equity, he could secure no adequate relief. This, it seems to me, was clearly the purpose of alleging in his complaint, not simply the agreement with defendant and plaintiff's right to the stock upon payment of the indebtedness, but also facts showing the importance and value to him of the control of the corporation, and that defendant's refusal

to return the stock threatened plaintiff with the loss of such control. He, therefore, alleged in substance that he founded the corporation, was its president and treasurer, and had had its sole control and management; that its future would be greatly jeopardized if such management and control were interfered with; that he organized and carried on the business, owned nearly one-third of the capital stock, and that of the $76,000 in bonds issued and outstanding he owned $50,000, and that of the remaining indebtedness of the corporation, aggregating $55,000, he was the indorser and liable on its notes. It seems to me that viewed in this light the allegations contained in plaintiff's complaint were more than mere surplusage; they were relevant and material to support his right to specific performance of defendant's agreement in equity. I do not think, therefore, that it can be said that the matter alleged by defendant in his third defense and counterclaim, which controverted plaintiff's ownership of the bonds, was not relevant or pertinent. It is true that defendant might have raised the question of ownership by a simple denial, but it seems to me that he might go further and set up in addition facts tending to disprove plaintiff's ownership, and that such acts would be pertinent and material.

I think also there is another aspect in which the alleged libel might have been material and pertinent. Plaintiff, among other things, prayed for an injunction restraining the defendant from voting the stock and the corporation from holding any meeting of its stockholders until plaintiff had secured the stock. Upon a motion for a preliminary injunction can it be said that the alleged libelous matter could not have been interposed by the defendant in answering affidavits seeking to put in issue plaintiff's right to control and manage the corporation? Clearly it seems to me that upon such a motion it would have been both material and pertinent.

Other incidents might be noted showing the relevancy and pertinency of the alleged libel to the issues in the former motion, but I think sufficient already appears to bring it within the rule as to absolute privilege.

The motion for judgment on the pleadings is, therefore, granted.