MINA MEISELMAN, Appellant, v. ETHEL COHEN and CAROLINE AGRESS, Respondents.—Action to recover damages for personal injuries sustained by plaintiff when she slipped and fell in the hallway of an apartment house in which she lived with her daughter, a tenant. Judgment in favor of defendants unanimously affirmed, with costs. Present — Young, Carswell, Davis, Adel and Taylor, JJ.

BELLA NELSON, Respondent, v. BENJAMIN SHAPIRO, Defendant, and WORAC REALTY COMPANY, INC., JOHN C. VON GLAHN and CHARLES CAROW, Appellants. — Order denying motion of the appealing defendants to dismiss the complaint as to them upon the grounds (1) that it appears on the face of the complaint that same does not state facts sufficient to constitute a cause of action, and (2) that the cause or causes of action attempted to be alleged in the complaint did not accrue within the time limited by law for the commencement of an action thereon, affirmed, with ten dollars costs and disbursements; the answer to be served within ten days from the entry of the order hereon. No opinion. Young, Hagarty, Carswell, Davis and Taylor, JJ., concur.

ARTHUR NIRENBERG, Appellant, v. LEO RITTER, Defendant; JOSEPH GANS, Respondent.— In an action for libel against an attorney for the use of alleged defamatory words in affidavits used on motions in an action, on motion under rules 106 and 107 of the Rules of Civil Practice, the amended complaint was dismissed. — Order and judgment entered thereon affirmed, with ten dollars costs and disbursements, on the ground that the matter alleged to be defamatory was privileged and the amended complaint did not state facts sufficient to constitute a cause of action. (Youmans v. Smith, 153 N. Y. 214; People ex rel. Bensky v. Warden, etc., 258 id. 55; Chapman v. Dick, 197 App. Div. 551; Frank v. Zuch, 240 id. 109, affd., 265 N. Y. 663.) This court is not bound to consider as controlling the prior order dismissing the original complaint, which gave leave to the plaintiff to amend, and considers only the amended complaint served pursuant to that order. (Cohen & Sons v. Lurie Woolen Co., 232 N. Y. 112.) Young, Davis and Adel, JJ., concur; Taylor, J., dissents in the following memorandum, in which Carswell, J., concurs: The matter contained in Joseph Gans's affidavit in Ritter v. Nirenberg, set forth at folios 32–36, was wholly irrelevant and impertinent upon the motion for reargument, upon which it was submitted; therefore, the first cause of action was improperly dismissed. Further, upon the motion made by Nirenberg, the defendant in Ritter v. Nirenberg, to strike out of the new complaint in that action therein reiterated matter theretofore struck out of the previous complaint, the matter contained in the affidavit of Leo Ritter which is set forth in folios 48 to 54 was wholly irrelevant and impertinent; the second cause of action was, therefore, improperly dismissed. I agree with the majority that the dismissal of the third cause of action was proper.