Ralph E. Marson, Respondent, *v.* William L. Darrow, Defendant, and Massachusetts Bonding and Insurance Company, Individually, Severally, and Jointly, Appellant.

First Department, June 18, 1959.

*James J. McLoughlin* of counsel (*Arthur J. O'Leary* with him on the brief), for appellant.

*Ralph E. Marson,* respondent in person.

McNally, J. In an action for libel, this appeal is from an order of Special Term insofar as it denied a motion to dismiss the first two causes of action of plaintiff's amended complaint for insufficiency, under rule 106 of the Rules of Civil Practice, on the ground that the publication of the libel was privileged.

The amended complaint contains six causes of action. Only the first three are pleaded against the appellant. Special Term granted the motion to dismiss the third cause of action but denied the motion to dismiss the first two causes of action. The pleading contains 94 paragraphs and six causes of action. Three of them, the first, second and third, are pleaded against the appellant jointly with the individual defendant. The remaining three, the fourth, fifth and sixth, are pleaded solely against

the individual defendant. The third cause of action by the order appealed from was dismissed as against the appellant and no appeal has been taken from that part of the order. This appeal concerns itself with the sufficiency of the first and second causes of action.

Both the first and second causes of action are based upon a single alleged defamatory statement set forth in a counterclaim in another action between this plaintiff and appellant. In that other action brought in the Municipal Court, the plaintiff instituted suit against the appellant on an attachment bond seeking to recover damages incident to the vacating of a warrant of attachment. An answer was filed for the appellant in said action containing a counterclaim which alleged that the plaintiff falsely and maliciously and without probable cause or provocation charged one Marson and one Darrow with wanton and willful destruction and withholding of certain personal property allegedly owned by plaintiff, and that upon such false and malicious allegations a Justice of the Supreme Court issued an order staying those persons from moving, transferring or selling said personal property, and that thereafter Marson and Darrow obtained an order of the Supreme Court vacating and dissolving the stay.

The alleged false statement contained in the counterclaim is that " the plaintiff falsely and maliciously and without probable cause or provocation charged Gloria S. Marson and William L. Darrow with wanton and wilful destruction and withholding of certain personal property allegedly owned by plaintiff ". The amended complaint also alleges that the said false and defamatory matter was without pertinence or relevance to the matter *sub judice* in the prior action.

The issue presented is whether the claimed libel is privileged because made in the course of a judicial proceeding. The problem has been before this court before. (*Feldman* v. *Bernham,* 6 A D 2d 498; *Goldwater* v. *Merchants Importing Inc.,* 6 A D 2d 777.) In the *Goldwater* case, the plaintiff alleged he was libeled in a complaint in an action by the corporate defendant against a bonding company where recovery was sought under a bond protecting it against shortages resulting from the acts of dishonest employees. Plaintiff was accused of being one of the employees so characterized and was specifically named in the bond. This court held that " [d]efamatory matter contained in a pleading or used in the course of a judicial proceeding, if relevant and pertinent to the issues, is absolutely privileged. It is only when the language used is clearly impertinent or

beyond the scope of the issues involved that the privilege is lost.''

Here, the language complained of is not so clearly impertinent that the privilege is lost. (*Youmans* v. *Smith*, 153 N. Y. 214; *People ex rel. Bensky* v. *Warden*, 258 N. Y. 55.) The privilege has been sustained even where the libelous matter was stricken as impertinent in the original action. (*Chapman* v. *Dick*, 197 App. Div. 551, 554; *Lesser* v. *International Trust Co.*, 175 App. Div. 12, 17.)

The pertinency of the defamatory language in the counterclaim is apparent. The counterclaim purports to state a cause of action for damages flowing from a stay wrongfully obtained. The alleged libel was made in support of the claim that the stay was wrongfully obtained.

Plaintiff argues that the counterclaim in the prior action was grounded on an alleged assignment which was unlawful; it allegedly contravenes sections 274, 275 and 280 of the Penal Law, and paragraph (1) of subdivision 1 of section 41 of the Personal Property Law. The sections of the Penal Law referred to prohibit buying demands on which to bring an action (§ 274), the purchase of claims by corporations for the purpose of bringing an action thereon (§ 275), and the practice of law by corporations (§ 280). Paragraph (1) of subdivision 1 of section 41 of the Personal Property Law provides that a claim for personal injury is unassignable.

The statutes relied on by plaintiff prohibit and invalidate the acts and conduct therein proscribed. It may well be that a claim grounded on any transaction within their scope is not enforcible in a court of law and is subject to the defense of illegality. Nevertheless, it is doubtful that the assertion of a claim, whatever its nature, is ever illegal per se. The privilege which attends publication in a judicial proceeding is not lost by reason of the fact that a valid defense, no matter how meritorious, is present against the claim in support of which the libel is published. The privilege requires for its justification only that the matter be arguably pertinent to the matter *sub judice*.

The order appealed from insofar as it denied the motion to dismiss the first and second causes of action of the amended complaint should be reversed, on the law, and the motion granted, without costs.

BOTEIN, P. J., M. M. FRANK, STEVENS and BERGAN, JJ., concur.

Order, insofar as it denied the motion to dismiss the first and second causes of action of the amended complaint, unanimously reversed, on the law, and the motion granted, without costs.