■  JOHN J. MARTIRANO, Appellant, v. HARRY FROST, Respondent.— Appeal by plaintiff, as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated April 2, 1968, as granted defendant's motion for summary judgment and directed entry of judgment dismissing the

complaint. Order affirmed insofar as appealed from, with $10 costs and disbursements. The pertinent facts of this case are set forth in the dissenting memorandum herein. The issue is whether the words spoken by defendant in the course of a judicial proceeding were absolutely privileged. It is agreed that they are so privileged if material or pertinent. When, as is the case here, the complaint alleges all of the necessary facts, the issue of pertinency may be resolved as a question of law (*Feldman* v. *Bernham*, 6 A D 2d 498, affd. 7 N Y 2d 772; *Holzberg* v. *Rothenberg*, 28 A D 2d 875). Defendant's utterances were made in response to an application by plaintiff, as attorney, for an adjournment in an action in which defendant was the complainant. They were apparently intended to question the propriety of any appearance in that proceeding by this plaintiff. As such, it cannot be held that there was no way in which the words could under any circumstances or at any stage of the proceeding have been material or pertinent (see *People ex rel. Bensky* v. *Warden*, 258 N. Y. 55; *Chapman* v. *Dick*, 197 App. Div. 551, 559). The words cannot be held to have lost their pertinency because defendant did not persist in his apparent objection to plaintiff's continued requests for an adjournment. The test of pertinency and materiality is an extremely liberal one. The language used here was not so clearly impertinent and needlessly defamatory as not to admit of discussion (cf. *Klein* v. *McGauley*, 29 A D 2d 418, 420). There was no need for a jury trial as to the issue of malice, as the presence of malice cannot destroy an absolute privilege (*Andrews* v. *Gardiner*, 224 N. Y. 440, 446; cf. *Sheridan* v. *Crisona*, 14 N Y 2d 108, 114). Brennan, Acting P. J., Rabin and Benjamin, JJ., concur; Martuscello, J., dissents and votes to reverse the order insofar as appealed from and to deny defendant's motion for summary judgment, with the following memorandum, in which Hopkins, J., concurs: The action is by an attorney to recover damages for slander. The central issue on this appeal is whether the Special Term was correct in holding that the alleged slanderous statement, made by defendant in open court during the course of a judicial proceeding, was privileged. There is no question that the statement would be privileged if material or pertinent to the issues involved in the judicial proceeding during the course of which it was uttered (*Andres* v. *Gardiner*, 224 N. Y. 440; *Youmans* v. *Smith*, 153 N. Y. 214; *Feldman* v. *Bernham*, 6 A D 2d 498, affd. 7 N Y 2d 772). We disagree with the majority's conclusion that the case at bar comes within the rule enunciated in these cited cases. The salient facts are as follows: Defendant Frost received a check from one Anthony Lauro in payment for certain merchandise. The check was returned to defendant by the drawee bank, marked "Payment Stopped". Defendant went to the City Court of New Rochelle on November 15, 1966 to initiate criminal proceedings against Lauro. A summons was issued on defendant's complaint, returnable December 15, 1966. Lauro appeared on the return date and the matter was adjourned to December 22, 1966 for trial. When the case was called on December 22, the following colloquy ensued: "THE COURT: Anthony Lauro on the complaint of Harry Frost. You stay right there gentlemen because I can tell you right now, I don't know what time you are going to be reached. I got two or three Preliminary Hearings. It looks to me like you will be reached around four o'clock in the afternoon. MR. MARTIRANO: Can we set it down for another date. I represent the defendant. MR. FROST: I want to make a point that this man has been here soliciting. Don't object to it. I am going to report this to the Bar Association. MR. MARTIRANO: You may do that. MR. FROST: I am going to report this to the Bar Association because this man has just solicited this man's case in court and I don't think it's proper. * * * THE COURT: That's a harsh statement you made. MR. FROST: I saw it with my own eyes and he didn't know the man prior of [*sic*] that record." It cannot be said that defendant's statement was

pertinent to the proceeding, having been made in opposition to plaintiff's request for an adjournment, which request was, in effect, invited by the court. The record clearly indicates that defendant voiced no objection to the adjournment itself, having been informed by the court that the case could not be reached until late in the afternoon. Nor do we think it can be said that the statement was pertinent on the theory that defendant was questioning the propriety of plaintiff's appearance in the proceeding. The sole question before the court at the time the statement was uttered was whether or not an adjournment should be granted. How plaintiff's retention came about was irrelevant to the disposition of that matter. (We note, however, that in support of plaintiff's cross motion for summary judgment Lauro deposed that he had approached plaintiff in the courtroom and had requested his services.) The circumstances strongly suggest that defendant's accusation, which was repeated a second time, was wholly gratuitous and was apparently uttered, not to aid the court in disposing of the business before it, but to defame plaintiff. Accordingly, we are of the view that the doctrine of privilege is inapplicable and that defendant's motion was improperly granted.