■ GLORIA R. MOSESSON, Respondent, v JACOB D. FUCHSBERG LAW FIRM et al., Appellants. [683 NYS2d 88] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered June 10, 1998, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff brought this action against defendant law firm and two of its attorneys. She seeks damages for allegedly defamatory statements made by the individual defendants in two af-

fidavits submitted in connection with an action entitled *Matter of Fuchsberg Law Firm v Danzig* (Sup Ct, NY County, index No. 115347/95), in which defendant law firm sought to recover attorney's fees in connection with the settlement of a personal injury matter referred to the Danzig firm. The affidavits at issue were filed in support of an application to place settlement funds in a neutral escrow account pending the outcome of the fee dispute. Although neither affidavit mentions plaintiff by name, both make reference to an employee in Danzig's office who had entered a guilty plea to criminal charges arising out of the cashing of a $1,000,000 stolen check. The complaint alleges that plaintiff is the woman referred to in the affidavits but asserts that she has never taken a plea for cashing a stolen check, has never been charged with cashing a stolen check and has never been an employee of Danzig's law practice.

The Court of Appeals long ago established that a statement made in the course of legal proceedings is absolutely privileged if it is at all pertinent to the litigation (*Youmans v Smith*, 153 NY 214, 219). "Nothing that is said in the court room may be the subject of an action for defamation unless, this court has declared, it is 'so obviously impertinent as not to admit of discussion, and so needlessly defamatory as to warrant the inference of express malice' " (*Martirano v Frost*, 25 NY2d 505, 508, quoting *Youmans v Smith, supra*, at 220). As this Court has noted, all that is required for a statement to be privileged is a minimal possibility of pertinence or the simplest rationality (*Seltzer v Fields*, 20 AD2d 60, 62, *affd* 14 NY2d 624). Any doubt is to be resolved in favor of relevancy and pertinency (*supra*, at 63).

The absolute privilege rule is broad and liberal in order to protect counsel, witnesses and the parties to a judicial action (*Chapman v Dick*, 197 App Div 551). The rule rests on the policy that counsel should be able to " 'speak with that free and open mind which the administration of justice demands' " without the constant fear of libel suits (*Youmans v Smith, supra*, at 223). The privilege is broad enough to extend to all matters which would be libelous if not for their introduction into an action and which might become pertinent at any time during the proceedings (*Chapman v Dick, supra*, at 559). Pertinency is a question of law for the court to decide (*People ex rel. Bensky v Warden*, 258 NY 55, 60).

Under the circumstances of this case, plaintiff's presence in Danzig's law office, whether as an employee or not, and her possible involvement in a scheme to cash a stolen check are highly pertinent to the issue of whether the settlement

proceeds, together with defendant's own funds, should be placed in an account maintained by Danzig, to which plaintiff would most likely have access. Finally, plaintiff's allegation that the statements were made solely out of malice is without foundation. The absolute privilege conferred upon statements made in the course of litigation is "complete, irrespective of the motive with which [the statements] are used" (*Marsh v Ellsworth*, 50 NY 309, 311-312; *see also, Park Knoll Assocs. v Schmidt*, 59 NY2d 205, 209). Concur—Rosenberger, J. P., Nardelli, Wallach and Rubin, JJ.