**JONG AN SUL** et al., Respondents, v ARTHUR D. LADDS et al., Appellants, et al., Defendant. (And a Third-Party Action.) [702 NYS2d 78] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered June 3, 1999, which, in the first-captioned action, granted plaintiffs' motion to dismiss the counterclaims of defendants Ladd and Pak, in the second-captioned action granted defendant's motion to dismiss the complaint, and directed Ladds and Pak to pay attorneys' fees in the total amount of $5,000 pursuant to 22 NYCRR part 130, unanimously affirmed, with costs.

The counterclaims asserted by attorneys Ladds and Pak in the action brought against them by their former clients, and the cause of action asserted by Pak in his consolidated action against the former clients' counsel in the other action, based on the allegedly defamatory nature of statements in the former clients' complaint to the effect that Ladds and Pak purported to settle certain claims of the clients arising out of a motor vehicle accident without the clients' knowledge or authorization, and engaged in fraud and forgery in order to effect such settlement, were properly dismissed on the ground that the allegedly defamatory statements in the pleading are absolutely privileged as pertinent to the clients' action seeking, *inter alia*, damages against Ladds and Pak for such alleged misconduct (*see, Mosesson v Fuchsberg Law Firm*, 257 AD2d 381, *lv denied* 93 NY2d 808). Pak's other two causes of action against the clients' subsequent counsel, for allegedly having encouraged the clients to testify falsely and to breach an alleged agreement with Pak, pleaded in entirely conclusory fashion, were also correctly dismissed as legally insufficient. In view of the

manifest lack of merit of Ladds' and Pak's causes of action, the motion court properly exercised its discretion in directing Ladds and Pak to pay the attorneys' fees their adversaries incurred in moving to dismiss such causes of action. Concur—Nardelli, J. P., Rubin, Andrias, Buckley and Friedman, JJ.