*935 OPINION OF THE COURT
Cynthia S. Kern, J.
Plaintiff commenced the instant action against defendant Ann Pinciss Berman alleging causes of action for breach of duty, defamation and conspiracy and against defendant Rizpah A. Morrow alleging a cause of action for conspiracy. He moves for an order directing defendant Morrow to provide him with a more definite statement. Defendants cross-move to dismiss the complaint. For the reasons set forth below, defendants’ cross motion to dismiss the action is granted and plaintiff s motion is denied as moot.
The relevant facts are as follows. Defendant Morrow represented plaintiff’s landlord in a prior holdover proceeding brought by the landlord against plaintiff based on allegations of nuisance. In response to a letter Morrow sent to plaintiff requesting that the alleged nuisance be cured, plaintiff commenced an action against Morrow in federal court alleging a violation of his civil rights. Plaintiff also commenced an action against Morrow in Civil Court for slander, defamation and malicious prosecution. In the Civil Court action, the court appointed defendant Berman to act as a pro bono guardian ad litem for plaintiff. Berman appeared with plaintiff on several occasions and filed her report to the court on December 27, 2003. In the underlying proceeding, the court denied a request by plaintiff to disqualify Berman as his guardian. Both plaintiffs federal court action and the Civil Court action were dismissed.
Defendants move to dismiss this action for failure to state a cause of action. It is well established that on a motion to dismiss for failure to state a cause of action, the court must accept “each and every allegation forwarded by the plaintiff without expressing any opinion as to the plaintiffs ability ultimately to establish the truth of these averments before the trier of the facts.” (219 Broadway Corp. v Alexander’s Inc., 46 NY2d 506, 509 [1979].) If the court finds that plaintiff is entitled to recovery on any reasonable view of the facts, the court must declare plaintiffs complaint legally sufficient. (Rovello v Orofino Realty Co., 40 NY2d 633 [1976].) However, “allegations consisting of bare legal conclusions, as well as factual claims inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration.” (Caniglia v Chicago Tribune-N.Y. News Syndicate, 204 AD2d 233, 233-234 [1st Dept 1994].)
In the instant action, plaintiff has failed to state a cause of action for conspiracy against defendants Berman or Morrow. *936 New York law does not recognize a cause of action for civil conspiracy. (See Legion Light. Co. v Switzer Group, 171 AD2d 472 [1st Dept 1991]; Cunningham v Hagedorn, 72 AD2d 702 [1st Dept 1979].) Allegations of conspiracy are “permitted only to connect the actions of separate defendants with an otherwise actionable tort.” (Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969 [1986].) In the instant action, plaintiff has failed to state any cognizable claim separate and apart from the allegation of conspiracy. The only underlying claim he alleges is an obstruction of justice, which is not a recognizable cause of action in New York. Plaintiff alleges that in a prior lawsuit Berman and Morrow conspired to “obstruct justice” when Berman, acting as his guardian ad litem in the prior action, made false statements in her report to the court so that the court would find in favor of Morrow. To the extent that plaintiff is alleging that the two defendants conspired to commit perjury, there is no civil cause of action for perjury. (See Burbrooke Mfg. Co. v St. George Textile Corp., 283 App Div 640 [1st Dept 1954].) Accordingly, plaintiffs cause of action for conspiracy is dismissed as against both defendants.
Plaintiff has also failed to state a cause of action for defamation against defendant Berman based on the statements made by Berman in her report to the court in the prior litigation. It is well settled that “a statement made in the course of legal proceedings is absolutely privileged if it is at all pertinent to the litigation.” (Mosesson v Jacob D. Fuchsberg Law Firm, 257 AD2d 381, 382 [1st Dept 1999].) The Court of Appeals has held that “[n]othing that is said in the court room may be the subject of an action for defamation unless, this court has declared, it is ‘so obviously impertinent as not to admit of discussion, and so needlessly defamatory as to warrant the inference of express malice’.” (Martirano v Frost, 25 NY2d 505, 508 [1969], quoting Youmans v Smith, 153 NY 214, 220 [1897].) The statement must be so outrageously out of context that one could only conclude that the statement was made with only the intent to defame. (See Martirano v Frost, 25 NY2d at 508.) The absolute privilege rule is liberally construed and applies to counsel, witnesses and parties to a judicial action. (Mosesson v Jacob D. Fuchsberg Law Firm, 257 AD2d at 382.) In the instant action, Berman’s statements in the prior litigation are protected by the absolute privilege. The allegedly defamatory statements were made by Berman in her report to the court while acting as plaintiffs guardian ad litem in a prior action. The statements *937 relate to the merit of plaintiffs claims in that proceeding. Berman’s statements cannot reasonably be considered “so obviously impertinent” or so outrageously out of context that one could only infer that they were made with the sole intent to defame plaintiff. Accordingly, plaintiffs claim for defamation is dismissed.
Plaintiff’s claims against Berman for breach of duty, conspiracy and defamation are also dismissed on the ground that plaintiff failed to first obtain leave of the court before commencing this action against a court appointee. It is well settled that a court may appoint a guardian ad litem to represent a person that is found to be incapable of adequately prosecuting or defending his or her rights. (CPLR 1201; Brewster v John Hancock Mut. Life Ins. Co., 280 AD2d 300 [1st Dept 2001]; Matter of Linden-Rath, 188 Mise 2d 537 [Sup Ct 2001].) The guardian acts as an arm of the court. (See Matter ofBecan, 26 AD2d 44 [1st Dept 1966].) Once a court appoints a guardian to represent an incapacitated person, litigation against the guardian as representative of the incapacitated person may not proceed without permission of the court which appointed the guardian. (See Smith v Keteltas, 27 App Div 279 [1st Dept 1898]; Matter of Linden-Rath, 188 Mise 2d at 539.) Plaintiffs claims against defendant Berman for conspiracy, defamation and breach of duty must be dismissed as Berman was acting as a guardian ad litem for plaintiff in the underlying action and therefore plaintiff must first seek leave of the court before he may sue Berman. The court notes that it is unlikely that a court would grant plaintiff leave to bring an action against Berman for breach of duty based on her recommendation in the prior action that plaintiff’s case did not have merit since the court in that action did not solely rely on Berman’s report in dismissing the action. The court in the prior action dismissed plaintiff’s claim based on its review of all of the papers in that action as well as the writing which was the subject of the libel and slander claim. Moreover, a guardian ad litem is not to be viewed as “an unbiased protagonist of the wishes of an incompetent.” (Matter of Aho, 39 NY2d 241, 247 [1976].) A guardian ad litem may be obliged to act contrary to the wishes of the incompetent and adopt a position that is adverse to the position of his ward. (See id.) Based on the foregoing, the complaint is dismissed as to defendant Berman.
*938 Based, on the foregoing, defendants’ motion to dismiss is granted and the complaint is hereby dismissed. Defendants’ request for sanctions is denied as they have failed to establish a sufficient basis for the award of sanctions.