[895 NYS2d 772]

ROBERT V. CATTANI, M.D., Plaintiff, v RICHARD A. MARFUGGI, M.D., Defendant.

Supreme Court, New York County, November 25, 2009

APPEARANCES OF COUNSEL

*Richard Paul Stone*, New York City, for plaintiff. *Lustberg & Ferretti*, Glens Falls (*Robert M. Lustberg* of counsel), for defendant.

**OPINION OF THE COURT**

MARCY S. FRIEDMAN, J.

In this action, plaintiff Robert Cattani, M.D., sues defendant Richard Marfuggi, M.D., for damages based on the allegation that Dr. Marfuggi gave false testimony as an expert witness against Dr. Cattani in three malpractice actions brought by nonparties against Dr. Cattani. By decision on the record on April 16, 2009, this court dismissed the complaint, holding that defendant was entitled to absolute immunity for statements made in the course of legal proceedings that were pertinent to the litigation. The court also set the matter down for a sanctions hearing "in view of the long-standing immunity for witnesses testifying at trial." Plaintiff subsequently served a motion for reargument of the prior motion to dismiss. The motion was heard on August 12, 2009, the date set for the sanctions hearing. After oral argument, the court advised the parties that the reargument motion would be denied, briefly stated the basis for the denial, and then held the sanctions hearing. (Transcript of Aug. 12, 2009 hearing [tr] at 25-26.) This decision sets forth at greater length the court's reasons for denying the reargument motion and determines the sanctions hearing.

As a threshold matter, the court rejects defendant's contention that the reargument motion was untimely. Plaintiff served the motion more than 30 days after service of a copy of the transcript of the April 16, 2009 decision. However, the record shows that the copy of the transcript that was served was not so ordered. Service of the motion therefore did not violate the time requirements imposed by CPLR 2221 (d) (3). Plaintiff failed to attach the prior decision and the underlying motion papers to the motion for reargument. Notwithstanding this defect, in

view of the seriousness of the sanctions issue before the court, the court requisitioned the file of the prior motion from the Clerk's office, granted leave to reargue, and heard the motion for reargument on the merits.

■ Upon reargument, the court adheres to its prior determination. The court is unpersuaded that it misapprehended applicable facts or law. Plaintiff ignores an overwhelming body of case law, reiterated repeatedly by the appellate courts of this state, that "[s]tatements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding." (*Sinrod v Stone*, 20 AD3d 560, 561 [2d Dept 2005]; *Mosesson v Jacob D. Fuchsberg Law Firm*, 257 AD2d 381 [1st Dept 1999], *lv denied* 93 NY2d 808 [1999]; *accord Sexter & Warmflash, P.C. v Margrabe*, 38 AD3d 163 [1st Dept 2007]; *see generally Park Knoll Assoc. v Schmidt*, 59 NY2d 205 [1983]; *Toker v Pollak*, 44 NY2d 211 [1978].)

On the reargument motion, plaintiff attempts to distinguish these cases by arguing that false testimony cannot be material or relevant. This contention is wholly unsupported by governing law. On the contrary,

> "[i]t is only when the language used goes beyond the bounds of reason and is so clearly impertinent and needlessly defamatory as not to admit of discussion that the privilege is lost . . .[A]n offending statement pertinent to the proceeding in which it was made is absolutely privileged, regardless of any malice, bad faith, recklessness or lack of due care with which it was spoken or written, and regardless of its truth or falsity." (*Sexter & Warmflash*, 38 AD3d at 172 [internal quotation marks and citations omitted]; *see Mosesson*, 257 AD2d at 382.)

The test of whether a statement is "at all pertinent to the litigation" is "extremely liberal." (*Sexter & Warmflash*, 38 AD3d at 173.) "To be actionable, a statement made in the course of judicial proceedings must be so outrageously out of context as to permit one to conclude, from the mere fact that the statement was uttered, that it was motivated by no other desire than to defame." (*Id.* [internal quotation marks and citations omitted].)

Applying these standards, the court finds that the statements made by defendant in the prior malpractice actions are entitled

to immunity. Defendant's statements were opinions concerning plaintiff's alleged deviations from the standard of care. They were thus unquestionably pertinent to the actions. Indeed, plaintiff does not argue otherwise.*

Rather, in seeking to avoid the settled immunity doctrine, plaintiff contends on this reargument motion that the action is maintainable under *Newin Corp. v Hartford Acc. & Indem. Co.* (37 NY2d 211 [1975]). There, the Court of Appeals noted "the ancient rule that the courts of this State will not entertain civil actions for damages arising from alleged subornation of perjury in a prior civil proceeding." (*Id.* at 217.) As the Court explained, the losing party's remedy is limited to a direct appeal in the case where the alleged perjury occurred because the losing party would otherwise be permitted to try the cause over again in another suit. (*Id.*) The Court, however, recognized that there is an exception to the rule which permits a cause of action for fraud to be maintained "where the perjury is merely a means to the accomplishment of a larger fraudulent scheme." (*Id.*)

Plaintiff attempts to bring this action under the *Newin* exception by arguing that defendant, as part of a "larger fraudulent scheme," manufactured claims in the three underlying suits so that he could charge a series of expert witness fees. (*See* aff of Richard Stone, Esq., in support of motion for reargument ¶ 5.) Plaintiff offers no factual support for this assertion. Moreover, no such scheme was pleaded in the complaint in this action. Rather, the fraud cause of action in the complaint is based on the allegations that defendant supported his opinions in the three malpractice actions with misrepresentations that he knew to be objectively false for the purpose of misleading the judges or juries, and that the judges or juries relied on the misrepresentations with resulting injury to plaintiff. (*See* complaint ¶¶ 75-82.) Review of the complaint leaves no doubt that the fraud cause of action is an attempt to relitigate the claims in the underlying malpractice actions. Plaintiff's conclusory allegation of a "larger fraudulent scheme," made for the first time on this reargument motion, appears as a transparent and patently

---

* The court notes, parenthetically, that plaintiff also does not make any showing of the falsity of the opinions. There were malpractice verdicts in the three cases in which defendant testified against plaintiff. It appears that one of the verdicts has been reversed, and that appeals are pending in one or both of the other two cases. Plaintiff does not claim that either the trial or an appellate court has found defendant's testimony unreliable in any of the three cases or otherwise criticized the testimony in any respect. (Tr at 7-8.)

insufficient attempt to bring this action within the *Newin* exception. The motion for reargument should accordingly be denied.

▮ The court turns to the sanctions issue. Under part 130 of the Rules of the Chief Administrator of the Courts, sanctions may be awarded for "frivolous conduct" (22 NYCRR 130-1.1 [a]), which is defined, in pertinent part, as conduct that "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law." (22 NYCRR 130-1.1 [c] [1].) In determining whether conduct is frivolous,

> "the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party." (22 NYCRR 130-1.1 [c].)

This court afforded plaintiff's counsel, Richard Stone, a reasonable opportunity to avoid this sanctions hearing. On March 19, 2009, at the oral argument of defendant's motion to dismiss, the court met with counsel for the parties in chambers, expressed its concern that continued maintenance of the action could potentially subject plaintiff to sanctions, and adjourned the oral argument to enable plaintiff's counsel to consult with other counsel about the legal issues and to confer with his client. On that date, at plaintiff's counsel's request, the court also provided him with citations to the immunity cases that are cited in the court's April 16, 2009 decision, which was rendered on the adjourned date after plaintiff's counsel apprised the court that he did not intend to withdraw this action.

Plaintiff has steadfastly insisted that his claims are maintainable. He has ignored the governing case law on witness immunity and has attempted to distinguish the absolute immunity cases on insupportable grounds. Thus, he argues that the immunity cases are all inapplicable because they are progeny of *Marsh v Ellsworth* (50 NY 309 [1872]), a case involving defamation rather than fraud. (Tr at 16, 19.) At times, plaintiff appears to advance the meritless suggestion that the immunity cases apply only to defamation claims and not to claims involving perjured testimony generally. (Tr at 33.) Focusing on *Newin*, plaintiff fails to acknowledge that the general rule is that an absolute privilege attaches to witnesses' testimony in judicial

proceedings, and that *Newin* states an exception, which has been applied only in "rare cases," for perjured testimony that is part of a "larger fraudulent scheme." (*Tolisano v Texon*, 144 AD2d 267, 271 [1st Dept 1988, Smith, J., dissenting] [citing *Newin*], *revd for reasons stated in dissent* 75 NY2d 732 [1989].) As held above, plaintiff's attempt to bring this case within the *Newin* exception is completely baseless, and rests on the bare assertion of a larger fraudulent scheme, unsupported by any factual allegations.

Plaintiff also argues that the courts have not considered the applicability of the immunity doctrine to expert witnesses. (Tr at 19, 34.) This contention is simply wrong. In *Tolisano v Texon*, the issue before the Court was the immunity of a medical expert who gave an opinion as to whether a witness' medical condition would permit him to testify before a grand jury. In upholding the doctor's immunity from suit by the witness, the Court of Appeals endorsed the dissent's reasoning that "[o]ur courts have traditionally held that an absolute privilege attaches to testimony in judicial proceedings so as to bar later civil actions predicated on the content of that testimony. This privilege is necessary in order to encourage the cooperation of witnesses, particularly expert witnesses." (144 AD2d at 271 [Smith, J., dissenting] [citations omitted].) In *Biegeleisen v Jacobson* (198 AD2d 57 [1st Dept 1993], *lv denied* 83 NY2d 754 [1994], *cert denied* 513 US 874 [1994]), a case that is directly on point, the Appellate Division of this department upheld the dismissal of a defamation action brought by a medical doctor against a medical doctor who had testified against him in an underlying malpractice action. The Court reasoned: "The statements defendant made during his testimony as an expert witness in the medical malpractice action that had been brought against plaintiff cannot be the subject of a defamation action unless they constituted falsehoods 'so obviously irrelevant as to warrant an inference of express malice.' " (*Id.* at 57, quoting *Tolisano*, 144 AD2d at 272 [Smith, J., dissenting].)

These cases leave no doubt that expert witnesses are subject to the same absolute immunity doctrine as unpaid witnesses and parties, and that their immunity is not only not a matter of first impression but the subject of settled law. The court accordingly holds that plaintiff's claims are completely without merit in existing law. The court further finds that plaintiff's claims are not supported by a reasonable argument for extension or modification of existing law, given the strong, long-standing

policy considerations in favor of immunity for witnesses. (*See e.g. Tolisano*, 144 AD2d at 271 [Smith, J., dissenting]; *Park Knoll Assoc.*, 59 NY2d at 209; *Toker*, 44 NY2d at 219.) The soundness of applying these policy considerations to the instant case is apparent. The immunity from subsequent suit is necessary to encourage the cooperation of expert witnesses so that they will freely speak without fear of the financial hazard of subsequent litigation. (*Tolisano*, 144 AD2d at 271 [Smith, J., dissenting].) However, this immunity does not leave plaintiff without protection, as any deficiencies in the opinions given by defendant in the underlying actions can be tested before the trial or appellate courts in those actions.

Finally, the court rejects plaintiff's contention that the lack of merit of the case was not apparent to him, and that the court's citations were "not so explicit as to warn this case is meritless." (Aff upon court's hearing on sanctions ¶ 8.) The authorities, which the court provided to plaintiff's counsel on the initial hearing date of the motion to dismiss and which are set forth in the April 16, 2009 decision dismissing the complaint, could not have been more explicit in articulating the general rule that parties and witnesses to judicial proceedings are entitled to absolute immunity for statements that are pertinent to the proceedings. Had plaintiff reviewed the large body of immunity case law, instead of making tortured attempts to distinguish it, he could readily have obtained cases applying the immunity doctrine to expert witnesses in particular. The court accordingly holds that plaintiff's counsel could not reasonably have believed that the fraud cause of action had merit under existing law or could be supported by a reasonable argument for an extension of existing law. Plaintiff also bears responsibility for the decision to continue the action. As noted above, prior to the hearing of the motion to dismiss, plaintiff's counsel was given notice that continued maintenance of the action would be potentially sanctionable, and was also directed to confer with his client before proceeding with the action. At the hearing, plaintiff's counsel expressly advised the court that "[i]t is plaintiff's position he does not wish to withdraw the action." (Tr, Apr. 16, 2009, at 3.)

This is not a case in which plaintiff has asserted "colorable, albeit unpersuasive, arguments," but one in which the lack of merit was brought to plaintiff's and his counsel's attention, and they persisted in maintaining the action. (*See Yenom Corp. v 155 Wooster St. Inc.*, 33 AD3d 67, 70 [1st Dept 2006].) Under

these circumstances, the court finds that both plaintiff and his counsel should be sanctioned. In view of their continued maintenance of this action after the lack of merit was brought to their attention, the court will impose sanctions of $1,000 each on plaintiff and his attorney. (*See Gregware v Key Bank of N.Y.*, 218 AD2d 859 [3d Dept 1995], *lv denied* 87 NY2d 803 [1995]; *Leventritt v Eckstein*, 206 AD2d 313 [1st Dept 1994], *lv dismissed in part and denied in part* 84 NY2d 987 [1994].) In addition, the court will award defendant his actual expenses reasonably incurred and reasonable attorney's fees in defending this action, in an amount to be determined after a hearing. (*See* 22 NYCRR 130-1.1 [a].)

It is accordingly hereby ordered that plaintiff's motion is granted to the following extent: leave to reargue is granted and, upon reargument, the court adheres to its decision on the record on April 16, 2009, so ordered on May 26, 2009; and it is further ordered that: (1) within 10 days after service of a copy of this order with notice of entry, plaintiff Robert Cattani, M.D., shall deposit the sum of $1,000 in sanctions with the Clerk of the Court for transmittal to the Commissioner of Taxation and Finance, the person to whom payment must be made pursuant to 22 NYCRR 130-1.3; and (2) within 10 days after service of a copy of this order with notice of entry, plaintiff's counsel Richard Stone shall pay the sum of $1,000 in sanctions to the Lawyers' Fund for Client Protection, the entity to which payment must be made pursuant to 22 NYCRR 130-1.3; and (3) the Clerk shall enter judgment for the sanctions awarded in subparagraphs (1) and (2) hereof, as authorized by 22 NYCRR 130-1.2; and (4) plaintiff Robert Cattani, M.D., and his attorney Richard Stone, jointly and severally, shall pay defendant's actual expenses reasonably incurred and reasonable attorney's fees in defending this action; and (5) the issue of defendant's actual expenses reasonably incurred and reasonable attorney's fees in defending this action is referred to a special referee to hear and report with recommendations, except that, in the event of and upon the filing of a stipulation of the parties, as permitted by CPLR 4317, the special referee, or another person designated by the parties to serve as referee, shall determine the aforesaid issue; and it is further ordered that the action is held in abeyance pending receipt of the report and recommendations of the special referee and a motion pursuant to CPLR 4403 or receipt of the determination of the special referee or the designated referee; and it is further ordered that a motion pursuant to CPLR

4403 shall be made within 15 days of the filing of the determination of the special referee or the designated referee; and it is further ordered that plaintiff shall serve a copy of this order with notice of entry, together with the information sheet required by the special referee's office, on the Clerk of the Judicial Support Office (room 311), to arrange a date for the reference to a special referee. Provided that: defendant may make the aforesaid service.