■ ROBERT V. CATTANI, M.D., Appellant, v RICHARD A. MARFUGGI, M.D., Respondent. [902 NYS2d 539]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered December 4, 2009, which granted plaintiff's motion to reargue a prior order, same court and Justice, entered on or about May 15, 2009, dismissing the complaint, adhered to the prior determination, imposed sanctions of $1,000 each on plaintiff and his counsel, awarded defendant reasonable at-

torneys' fees and expenses incurred in defending the action to be paid jointly and severally by plaintiff and his counsel, and held the matter in abeyance pending a report of a special referee on the issue of attorneys' fees and expenses, unanimously affirmed, with costs. Appeal from the prior order unanimously dismissed, without costs, as subsumed in the appeal from the subsequent order.

Plaintiff brought the instant action for fraud, defamation, and prima facie tort alleging that defendant's testimony and/or submission of affidavits as an expert witness in three prior medical malpractice actions against plaintiff herein were knowingly false when made. The court gave plaintiff and his counsel time to consider whether to withdraw the complaint in light of the absolute immunity from suits like this afforded counsel, witnesses, and parties in civil judicial proceedings, and provided plaintiff's counsel with relevant case law articulating this general, well-established principle, including *Toker v Pollak* (44 NY2d 211 [1978]) and *Mosesson v Jacob D. Fuchsberg Law Firm* (257 AD2d 381 [1999], *lv denied* 93 NY2d 808 [1999]; *see also Biegeleisen v Jacobson*, 198 AD2d 57, 57 [1993], *lv denied* 83 NY2d 754 [1994], *cert denied* 513 US 874 [1994] [does not avail plaintiff, who was a defendant in a prior medical malpractice action, to argue that certain statements made by defendant as an expert witness in the prior action were perjurious, unless statements were "so obviously irrelevant as to warrant an inference of express malice" (internal quotation marks omitted)]). Plaintiff and his counsel, however, declined to withdraw the complaint, whereupon the court dismissed it and directed a hearing on sanctions. Plaintiff's counsel then sought reargument, relying on *Newin Corp. v Hartford Acc. & Indem. Co.* (37 NY2d 211 [1975]) for the proposition that an action for fraud based on perjured testimony in a prior civil proceeding may be maintained where "the perjury is merely a means to the accomplishment of a larger fraudulent scheme" (*id.* at 217). According to plaintiff's counsel, defendant committed perjury in the prior malpractice actions in furtherance of a larger fraudulent scheme "to create claims in three cases in support of which he could charge a series of fees."

Assuming that a scheme to artificially maintain cases with perjured expert testimony for the purpose of generating expert fees is an actionable larger fraud, such scheme as articulated here by plaintiff is woefully lacking in the particulars necessary to support it (CPLR 3016 [b]). Plaintiff alleges only defendant's participation as a paid witness in the malpractice actions, defendant's testimony in those actions, and the knowing falsity of

that testimony without stating exactly how or what was false about it. As the motion court found, plaintiff's conclusory allegation of a larger fraudulent scheme appears to be "a transparent and patently insufficient attempt to bring this action within the *Newin* exception." Given the complete lack of necessary detail, the well-established nature of the absolute immunity from suits like this afforded witnesses in civil judicial proceedings, and the fact that plaintiff's counsel, by his own admission, was not even aware of the larger-fraudulent-scheme exception to the absolute immunity bar when he brought the instant action and when he declined to withdraw it, the court properly found the action to be frivolous (*see* 22 NYCRR 130-1.1 [c] [1]), dismissed the complaint, and imposed appropriate sanctions. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 26 Misc 3d 1053.]**