■ In the Matter of L&M Bus Corp. et al., Respondents, v New York City Department of Education et al., Appellants. Local 1181-1061, Amalgamated Transit Union, AFL-CIO, Intervenor-Appellant. [920 NYS2d 331]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 13, 2009, insofar as it granted petitioners' motion for reasonable costs and attorneys' fees as against respondents and intervenor, unanimously reversed, on the facts, without costs, and the motion denied.

Petitioners brought this CPLR article 78 proceeding to challenge, inter alia, two bid specifications in the request for bids to transport "Pre-K and Early Intervention Program Participants" issued by respondent Department of Education (DOE). The two specifications are: (1) that the vendor hire, and assume all the prior payroll costs of, transportation workers named on two "Master Seniority Lists" of workers employed under previous transportation contracts with DOE (Employee Protection Provisions [EPP]), and (2) that the vendor procure insurance covering sexual molestation, harassment, assault or similar acts. The court granted petitioners' motion as against respondents for costs and attorneys' fees incurred in responding to their opposition to the challenge to the insurance requirement and as against respondents and intervenor for reasonable costs and attorneys' fees incurred in responding to their opposition to the challenge to the EPP.

In its December 2008 decision on the petition, the court found, inter alia, that the EPP were not shown to be rationally related to the purposes of competitive bidding or essential to the public

interest. The following month, petitioners brought the instant motion for costs and attorneys' fees on the ground of frivolous conduct. On appeal from the decision on the petition, this Court, inter alia, affirmed the striking of the EPP (71 AD3d 127, 133-134 [2009]). However, we denied petitioners' motion for costs and attorneys' fees. The Court of Appeals has granted leave to appeal (15 NY3d 889 [2010]).

Having denied petitioners' previous motion for costs and attorneys' fees in connection with the EPP issue, we find that the instant award of costs and attorneys' fees on the ground of frivolous conduct was unwarranted. Respondents' and intervenor's arguments were not "completely without merit in law" (*see* 22 NYCRR 130-1.1 [c] [1]); petitioners cite no existing law that addresses, let alone precludes, EPP in public bidding contracts (*see* General Municipal Law § 103; *cf. Cattani v Marfuggi*, 74 AD3d 553, 555 [2010], *lv dismissed* 15 NY3d 900 [2010]). Indeed, respondents' and intervenor's arguments persuaded the Court of Appeals to grant leave to appeal. The arguments that the experienced workers on the MSL would work more efficiently, be better qualified and be less likely to engage in costly labor disruptions were predicated on facts asserted in respondents' answer to the petition and were at least "somewhat colorable" (*see e.g. Kremen v Benedict P. Morelli & Assoc., P.C.*, 80 AD3d 521, 523 [2011]). They were not shown to have been made in bad faith or for improper purposes (*see Matter of Gordon v Marrone*, 202 AD2d 104 [1994], *lv denied* 84 NY2d 813 [1995]; *Ofman v Campos*, 12 AD3d 581, 582 [2004], *lv dismissed* 4 NY3d 846 [2005]).

Intervenor's challenge to the timeliness of petitioners' motion for costs on the ground that it was brought after the final determination on the petition is unavailing (*see e.g. TAG 380, LLC v Estate of Ronson*, 69 AD3d 471 [2010]). Concur—Sweeny, J.P., Renwick, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 31607(U).]**