■ VIRGINIA MARIE HENNEBERRY, Appellant-Respondent, v LEON BAER BORSTEIN, Respondent-Appellant. [929 NYS2d 205]—

452

The record demonstrates that plaintiff did not act in such a way as to place the ING debt outside the parties' "economic partnership" (see Capasso v Capasso, 129 AD2d 267, 293 [1987], lv denied 70 NY2d 988 [1988]; see also Hartog v Hartog, 85 NY2d 36, 49 [1995] [husband's bonus, earned during course of marriage but paid after commencement of divorce proceedings, is marital property]). On the contrary, she commenced the arbitration that resulted in the debt largely at defendant's behest. In addition, defendant or his law firm acted as her counsel during the arbitration and was actively involved in hiring counsel to bring a motion to vacate the award and to appeal the denial of that motion.

In the calculation of plaintiff's share of the marital portion of the appreciation of the farm, which defendant acquired before the marriage, the premarital mortgage debt of $150,000 should have been deducted, thereby increasing plaintiff's share by $56,249.88.

We have considered the parties' remaining contentions and find them either improperly raised on appeal or without merit. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Manzanet-Daniels, JJ.

Motion to strike brief granted to the extent of requiring defendant to pay half the costs incurred by plaintiff for printing the joint record on appeal.