(June 23, 2015)

■ Leon Baer Borstein, Respondent, v Virginia Marie Henneberry, Appellant. [11 NYS3d 163]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered September 27, 2013, which, to the extent appealed from as limited by the briefs, denied defendant's motion for attorneys' fees and sanctions, unanimously modified, on the law and the facts, to impose sanctions on plaintiff in the amount of $5,000, payable to the Lawyers' Fund for Client Protection, pursuant to 22 NYCRR 130-1.2 and in accordance with 22 NYCRR 130-1.3, and to award defendant reasonable costs and attorneys' fees associated with the motion and this appeal, payable by plaintiff in an amount to be determined on remand, and otherwise affirmed, with costs.

The parties were divorced pursuant to a judgment entered in December 2009. Plaintiff husband is an experienced matrimonial lawyer and he represented himself in the divorce proceeding. He was sanctioned twice during the course of that action. The first time he was ordered to pay $7,500 in attorneys' fees in connection with defendant wife's motion to enforce a pendente lite order against him. He was later directed to reimburse the wife $10,000 in connection with his violation of an order directing that a boat that was marital property be sold in an arm's length transaction, with the proceeds to be shared by the parties.

The divorce action culminated in a six-day trial. The parties submitted posttrial memoranda, and in a section entitled "Assets and Liabilities Claimed to be Marital," the husband claimed that he loaned the wife "$27,000 during the years after the filing for divorce" to allow her to finance a business venture. He also listed the loan as the sixth of nine credits totaling $1,184,500, and stated that he had "loaned to [the wife] about $27,000 after the filing for divorce and should receive a credit for the full $27,000." In addition, his Statement of Proposed Disposition, dated December 5, 2008, listed the loan in a section titled, "Assets claimed to be marital property."

The court (Gische, J.), issued a 51-page decision after trial and an order, both dated April 17, 2009, which addressed distribution of the parties' marital assets. The court noted the statutory rule that, in general, "marital property" is all property acquired by either or both spouses during the marriage but before the commencement of a matrimonial action (Domestic Relations Law § 236 [B] [1] [c]). It rejected the husband's argument that most of the parties' assets should be classified as separate, even if acquired during marriage, because they led financially independent lives. The court reasoned that his argument was relevant to the ultimate distribution of marital assets, but not to their initial classification as marital or separate property.

In a section titled "Miscellaneous Adjustments and Credits," the court addressed certain of the credits that the husband sought, but it did not specifically address the $27,000 loan. However, in the concluding paragraph to the decision the court stated that "[a]ny arguments raised by the parties which have not been expressly addressed in this decision are rejected." The court concluded that each party was entitled to a 50% share of certain marital assets and marital debt. The judgment of divorce, which incorporated the findings, listed certain credits but did not refer to or list a credit for the loan. The husband appealed the judgment, but he did not address the loan.*

The husband then commenced this action against the wife. The complaint sought recovery of the same $27,000 sought by the husband as a credit in the divorce action. It did not refer to the divorce proceeding or the fact that the husband had sought repayment of the loan in a proceeding that had ended in a final judgment. The wife's counsel sent the husband a letter asking him to discontinue the action voluntarily because the divorce action had determined his rights regarding the loan in light of the court's ruling on the husband's request for credits.

The husband replied by letter asking, "Where is the statutory or case law that supports your position that separate property debts or assets are determined by a divorce decision[ ]? . . . If it were so obvious and 'frivolous' why have you not brought a summary judgment motion already?" The wife's counsel replied, "[T]he funds you promised and subsequently transferred to your then wife were marital property."

---

* On appeal, this Court modified the divorce judgment only to the extent that it reclassified as marital property certain debt adjudged by Supreme Court to be the wife's separate property, and increased the wife's share of appreciation on a farm owned by the parties (*Henneberry v Borstein*, 87 AD3d 451 [1st Dept 2011]).

The wife did eventually move for summary judgment dismissing the complaint, arguing that the husband's claim was barred by res judicata principles because it had been fully litigated in the divorce action. She also argued that the loan was not enforceable because the funds that the husband transferred to her were marital property. The wife submitted excerpts from the husband's deposition testimony in the matrimonial action, in which he acknowledged that the loan funds were derived from compensation he received for an arbitration or mediation he completed while the parties were married. He also admitted that he had sought a credit for the loan in the divorce action.

Supreme Court (Mills, J.), granted the wife's motion and dismissed the complaint, concluding that the loan was "fully and actively litigated by [the husband]" in the divorce action. It rejected the husband's argument that the issue was never fully litigated because there was no formal finding that the source of the loan was marital property. The court noted that the husband sought specific relief for the loan in the divorce action in the form of a credit, which was denied, and that the husband sought to relitigate that same issue in the instant action. The court also noted that in the decision after trial, the court in the divorce action stated that it rejected any argument raised by the parties that it had not expressly addressed. The court also rejected the husband's argument that he still had an independent cause of action because "the 'loan' w[as] never identified as a 'marital' asset and/or there was no specific discussion of offset of the 'loan' when marital assets were distributed." It cited his concessions in his filings in the divorce action that the source of funds for the loan was marital property.

The wife subsequently moved, pursuant to 22 NYCRR part 130 and Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.1 (a) and (b), for an order awarding her attorneys' fees, costs, disbursements, and sanctions due to the husband's "frivolous and improperly motivated" lawsuit. She argued that the husband's pursuit of the action required the wife's counsel to conduct discovery, depose the husband, defend the wife's deposition, make related discovery motions, and spend time trying, unsuccessfully, to persuade the husband to discontinue the action without the expense of a summary judgment motion. The court held that the husband's conduct in seeking repayment of the loan was not so frivolous as to warrant sanctions pursuant to 22 NYCRR part 130; however, as the court had dismissed the action in its entirety, it awarded the wife costs and disbursements in successfully defending the action.

A court may, in its discretion, award to any party costs in the form of reimbursement for expenses reasonably incurred and reasonable attorneys' fees resulting from "frivolous conduct," which includes: (1) conduct completely without merit in law, which cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) conduct undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; and (3) the assertion of material factual statements that are false (22 NYCRR 130-1.1 [a], [c] [3]). The court may also award financial sanctions on the same grounds (22 NYCRR 130-1.1 [b]).

In determining whether conduct is frivolous, the court shall consider "the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel" (22 NYCRR 130-1.1 [c]).

Here, the husband made a claim in the divorce action for repayment of the $27,000 "loan," and Supreme Court rejected it. He then failed to challenge that finding on direct appeal. Any argument that Supreme Court did not actually decide the issue of the "loan" because it did not specifically address it is rejected, since the court included the "catch-all" language that any claims not discussed were denied. In any event, the husband could have sought clarification from the court if he felt that the claim related to the "loan" had escaped the court's attention. Indeed, it would have behooved him to do so, as it is well settled that "res judicata bars a subsequent plenary action concerning an issue of marital property which could have been, but was not, raised in the prior matrimonial action" (*Boronow v Boronow*, 71 NY2d 284, 289 [1988]). Again, we are required to consider "the circumstances under which the conduct took place" when reviewing a sanctions motion (22 NYCRR 130-1.1 [c]). Here, the circumstances are that the husband, an experienced divorce lawyer, ignored a long-standing principle of matrimonial jurisprudence. Thus, his decision to commence an action that he knew, or should have known, was futile from its inception, weighs heavily in favor of a finding that his conduct was intended solely to harass the wife.

We are mindful of the notion that a court must be careful not to confuse legal arguments that may appear at first blush to be frivolous with good faith efforts to modify existing law (*see W.J. Nolan & Co. v Daly*, 170 AD2d 320, 321 [1st Dept 1991]). There is no cause for such concern here. The husband argues that an

enforceable loan can be made from marital property, and that this Court has "strongly impl[ied]" this to be the case. However, the case he cites, *Popowich v Korman* (73 AD3d 515 [1st Dept 2010]), merely suggests that one spouse may enforce a loan to the other if the loan is pursuant to a written agreement signed by the parties and acknowledged, in accordance with Domestic Relations Law § 236 (B) (3). Here, there is no question that no such agreement existed. Accordingly, the matrimonial court was unquestionably correct in hewing to the rule that property accumulated by the parties during the marriage but before commencement of a divorce action is marital property subject to equitable distribution.

In any event, the issue is not whether the husband should have prevailed on his claim in the matrimonial action, but whether he had any grounds for pursuing the matter after that action became final. It simply defies logic that, as the husband argues, the court in the matrimonial action would have implicitly ruled that the loan was separate property, when he conceded before it that the source of the funds was marital property. Further, the husband utterly fails to account for the court's explicit statement that any arguments it did not address should be considered rejected.

Aside from the blatant lack of merit to the complaint, other factors justifying sanctions and attorneys' fees are present here. First, the wife expressly informed the husband that she considered the action barred by res judicata and urged him to discontinue it, but he pressed on, forcing her to expend unnecessary resources. Such unreasonable persistence in a position that has been demonstrated to be frivolous warrants the imposition of sanctions (*see Cattani v Marfuggi*, 74 AD3d 553 [1st Dept 2010] [plaintiff insisted on pursuing action against defendant that he had been advised was cloaked with absolute immunity from suit]). Further, we cannot ignore that this is not the first instance in which the husband has taken a position that is not legally tenable. He was ordered in the matrimonial action to pay the wife's legal fees in connection with his noncompliance with a temporary support order. While the court did not expressly opine that his conduct was frivolous, it can be presumed that he failed to present any good faith basis for his failure to abide by the order. Later in the action, however, the court explicitly stated that the husband had "frivolously" asked it to "re-write its decision" regarding the forced sale of a boat so as to make his actions, which failed to comply with the decision, compliant nunc pro tunc. Coupled with these earlier incidents, the commencement of this action exhibits a "broad

pattern . . . of delay, harassment and obfuscation" that warrants the imposition of sanctions and attorneys' fees (*Levy v Carol Mgt. Corp.*, 260 AD2d 27, 33 [1st Dept 1999]). Concur—Gonzalez, P.J., Mazzarelli, Renwick and DeGrasse, JJ.