Talos Capital Designated Activity Co. v 257 Church Holdings LLC (2024 NY Slip Op 01786)

Talos Capital Designated Activity Co. v 257 Church Holdings LLC

2024 NY Slip Op 01786

Decided on April 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 02, 2024

Before: Oing, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 651458/20 Appeal No. 1455-1456-1457-1458 Case No. 2023-02909, 2023-03061, 2023-03567, 2023-03859 

[*1]Talos Capital Designated Activity Company (Formerly Known as Talos Capital Limited), Acting by and through its Special Servicer, Green Loan Services LLC, Plaintiff-Respondent,
v
257 Church Holdings LLC, et al., Defendants, Ben Ashkenazy, Defendant-Appellant. Friedman Kaplan Seiler Adelman & Robbins LLP, Nonparty Appellant.

Friedman Kaplan Seiler Adelman & Robbins LLP, New York (Robert S. Smith of counsel), for Ben Ashkenazy, appellant.
Holwell Shuster & Goldberg LLP, New York (James M. McGuire of counsel), for Friedman Kaplan Seiler Adelman & Robbins LLP, appellant.
Meister Seelig & Fein PLLC, New York (Stephen B. Meister of counsel), for respondent.

Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered June 7, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for sanctions under 22 NYCRR 130-1.1 against nonparty appellant, unanimously reversed, on the law and the facts, without costs, the motion denied and the award of sanctions vacated.
In 2013, plaintiff Talos Capital Designated Activity Company, as lender, and nonparty 625 MAD Holdings, LLC, as borrower, entered into an agreement for a $195 million mezzanine loan. Defendant Ben Ashkenazy, an affiliate of the borrower, executed a recourse guaranty for the mezzanine loan. In 2018, the borrower failed to make the five-year paydown, as required by the transaction documents, an event that the parties did not dispute triggered Ashkenazy's obligation to pay the $20 million recourse guaranty. The issue that was in dispute was the timing of Ashkenazy's payment, specifically, whether Ashkenazy's payment obligation was due at the five-year mark in 2018 (paydown date), or at maturity of the loan on June 6, 2023.
In March 2020, plaintiff commenced this action by notice of motion for summary judgment in lieu of complaint for a money judgment on the loan and to enforce the recourse guaranty. Supreme Court granted the motion. As is relevant here, we modified to deny the motion as to Ashkenazy (Talos Capital Designated Activity Co. v 257 Church Holdings LLC, 205 AD3d 509 [1st Dept 2022]). We held that the loan agreement was ambiguous as to whether Ashkenazy's obligation to pay the $20 million was due at the time of the paydown date or at the loan's maturity, because the paydown provision of the loan only provided plaintiff with remedies in the event of a paydown default, and did not make any reference to the recourse guaranty.
Between March 2020 and June 2023, to resolve the disputed issue of the timing of Ashkenazy's payment, the parties engaged in discovery and motion practice concerning communications with each side's counsel that occurred contemporaneously with the drafting and negotiation of the loan documents in 2013. The record reflects a fairly typical assertive back and forth by each side, rather than abject noncompliance by either side. Supreme Court issued two orders entered October 3, 2022 and October 12, 2022. It also issued an order, entered December 22, 2022, denying Ashkenazy's motion seeking the court's recusal based on the Justice's father's purported business relationship with plaintiff. In the October 12, 2022 order, Supreme Court found, among other things, that Ashkenazy and his counsel committed fraud on the court. On appeal, we vacated that finding as unsupported by the record (Talos Capital Designated Activity Co. v 257 Church Holdings LLC, 215 AD3d 609, 611-612 [1st Dept 2023]). Meanwhile, on March 7, 2023, and after multiple sua sponte promptings by Supreme Court, plaintiff moved for summary judgment and for sanctions by order to show cause.
While the motion was sub [*2]judice, Ashkenazy paid $20 million to plaintiff in satisfaction of the recourse guaranty on June 2, 2023, days before the June 6 maturity date. In a decision and order, dated June 5, 2023, Supreme Court granted plaintiff's motion in its entirety. As is relevant to this appeal, the court found Ashkenazy's counsel engaged in frivolous conduct when it represented to the court that no documents existed relevant to the timing of Ashkenazy's payment; took positions in "bad faith" as to Ashkenazy's interpretation of the guaranty; misled this Court about the status of the case in Supreme Court; and misled Supreme Court regarding the import of this Court's April 27, 2023 decision (215 AD3d 609) in an April 28, 2023 correspondence responding to plaintiff's letter concerning the decision. Based on those conclusions, Supreme Court awarded plaintiff sanctions in the amount of $50,000. Ashkenazy and his counsel filed separate notices of appeal. On October 4, 2023, Ashkenazy authorized his counsel to withdraw his appeal. The sole issue before us now concerns Ashkenazy's counsel's conduct during the time it represented him in the lawsuit.
Conduct is frivolous if it is "completely without merit in law," "undertaken primarily to delay or prolong the resolution of the litigation," or "asserts material factual statements that are false" (22 NYCRR 130-1.1[c]). Here, the record does not support an award of sanctions under any of the prongs. The conduct that Supreme Court found sanctionable does not rise to the level of being frivolous. Supreme Court took issue with counsel's statement that a document squarely addressing the question of timing did not exist. According to Supreme Court, based on its in camera review of documents, there were communications in which the timing of the payment would have been mentioned if it were in fact due on a date other than the five-year paydown date. Supreme Court disagreed with Ashkenazy's counsel's interpretation of the documents, and did so by relying on the absence of a statement in the documents rather than an overt statement contained in the documents. Counsel put forth its interpretation of the documents exchanged during discovery — namely, among other things, Ashkenazy's personal interpretation of the contract, Ashkenazy's deposition testimony, and the deposition testimony of Ashkenazy's drafting counsel — and then made arguments based on its interpretation. Those arguments were not completely devoid of merit. Nor is there any indication in the record that counsel's interpretation and arguments were made in bad faith (see Gordon Group Invs., LLC v Kugler, 127 AD3d 592, 594-595 [1st Dept 2015]; Matter of L&M Bus Corp. v New York City Dept. of Educ., 83 AD3d 432, 433 [1st Dept 2011]). The fact that the court took a different view of the evidence is not grounds for sanctions. We note that Ashkenazy's withdrawal of his appeal precludes any possibility for counsel to vindicate its conduct.
Moreover, the record does not support the [*3]finding that counsel delayed resolution of this case (cf. Levy v Carol Mgt. Corp, 260 AD2d 27 [1st Dept 1999] [awarding appellate sanctions in a dispute where the plaintiffs' "vexatious and dilatory conduct" prolonged litigation]). Discovery in this case began in earnest in July 2022, after we found the loan agreement ambiguous as to the timing of Ashkenazy's payment obligation under the guaranty. This action concluded upon Supreme Court's June 5, 2023 decision and order, a mere 11 months after the implementation of an expeditious discovery schedule.
Nor does counsel's April 28, 2023 letter submitted to Supreme Court concerning our April 27, 2023 decision support an award of sanctions. First, Ashkenazy's counsel was responding to plaintiff's letter. Second, counsel provided its interpretation of this Court's decision and order. Counsel's interpretation of a decision is not grounds for sanctions, but rather, is what is expected during the course of litigation.
Lastly, the imposition of sanctions for conduct before this Court was not within Supreme Court's authority (see Yenom Corp. v 155 Wooster St. Inc., 33 AD3d 67, 70 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 2, 2024